REBECCA W. FAUNCE *vs.* STATE MUTUAL LIFE ASSURANCE COMPANY.

In defence against an action on a policy of insurance expressed to have been "executed and delivered," but in fact never delivered, by the defendants, parol evidence is admissible that it was agreed between the parties to the instrument that it should issue only as a substitute for a previous policy to be surrendered, which never was surrendered, but enforced and paid.

CONTRACT on a policy of insurance upon the life of the plaintiff's husband, Stephen Faunce (who died December 23, 1866); expressed to have been "executed and delivered" by the defendants September 1, 1866, "for the use of" the plaintiff. Trial, without a jury, before *Colt*, J., who, after admitting certain parol evidence against the objection of the plaintiff, gave judgment for the defendants, and reported the case for the revision of the full court. The substance of the report is stated in the opinion

*H. G. Hutchins*, for the plaintiff.

*B. F. Thomas*, for the defendants, was not called upon.

HOAR, J. This case is very simple. It is an action on a policy of life insurance. The plaintiff has no such policy. She undertook to show that the defendants agreed to issue such a policy, and that the terms on which it was to be issued were fully complied with; that the policy was written and executed, and thereby became a valid contract; and therefore, though the paper was not delivered, and remained in the hands of the defendants or their agents, that it is her property, and will support her action.

To meet this case, the defendants proved by parol that it was agreed between the parties that the policy should issue, not in addition to, but as a substitute for, a policy previously made, which was to be surrendered; that the earlier policy was not surrendered, but has been enforced and paid. This is a perfect defence to the action. The plaintiff contends that the application and policy together constitute the contract; and that it is not competent to show by parol any variance from the terms of the contract contained in the writing. But this doctrine has no application to the case. The writing remained under the control of the defendants. There was no delivery of it, as a complete and perfected agreement. And if it were true that, without delivery, a complete execution of all the terms agreed on to constitute the contract would be sufficient to make it binding, it is first to be determined whether all these terms were complied with. This may be shown by parol testimony, because the evidence is not to vary the contract, but to prove whether any contract was made. No written contract passed from one party to the other; and the point in controversy is, whether the parties agreed that a certain paper, without more, should be the contract. This must, of course, be proved by parol. The defendants voted to issue the policy; but they did so upon the agreement that the former policy was to be surrendered. This condition was not embraced in their vote, but it was understood and agreed to by both parties, and the policy retained until the condition should be performed. No vote or assent of the defendants to the contract was communicated to the other party, except with this condition.

The plaintiff has not a delivered instrument, the evidence of a complete agreement, not to be qualified or varied in its legal effect by parol testimony; and it does not appear that the parties have ever agreed that the written paper should become a contract, except upon a condition which has not been performed.

*Exceptions overruled.*

MARCH 1869. 281

## MEMORANDUM.

ON the tenth day of March 1869, the Honorable EBENEZER ROCKWOOD HOAR, having been appointed attorney general of the United States, resigned the office of justice of this court, which he had held since the twelfth day of April 1859.