[No. 14691. Department One. — July 14, 1892.]

AURELLIA J. CORKER ET AL., APPELLANTS, v. JOHN
FREDERICK CORKER, RESPONDENT.

GIFT OF COMMUNITY PROPERTY— FRAUD UPON WIFE. — A deed of gift by
the husband of a portion of the community property, in order to be a
fraud upon the wife, must be made with a fraudulent intent, and is not
void *per se*.

ID. — DELIVERY OF DEED — EVIDENCE — INTENTION OF GRANTOR. — Where
the grantor delivered the deed to a third person, and the latter carried
it to another, stating that the grantor wished him to record it and then
deliver it to the grantee, testimony of the person to whom it was last
given, as to whether or not he would have delivered it back to the gran-
tor if he had called for it or sent for it, is irrelevant and inadmissible
upon the question of the intention of the grantor as to the delivery of
the deed.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*Edwin Baxter*, for Appellant.

*J. L. Murphy*, for Respondent.

GAROUTTE, J. — Some months prior to his death, John
R. Corker made and acknowledged his deed to certain
real estate, situate in the county of Los Angeles, wherein
his son, residing in the territory of Utah, was named
as grantee. The day prior to his death, he delivered the
deed to one White, who carried it to E. F. Spence, stat-
ing that Corker, the grantor, desired him to record the
same, and then deliver it to the grantee, John Frederick
Corker. Upon the following day the grantor died, and
subsequently the deed was recorded by Spence, and de-
livered in pursuance of his instructions. This action was
brought, and the appeal is prosecuted, by the widow and
the remaining heirs at law of the deceased, against the
grantee in said deed, asking that the deed be canceled,
and the realty therein described be declared the commu-
nity property of the estate of said deceased, upon the

ground that said deed was never delivered to the grantee, and for the further reason that it was made in fraud of the rights of the wife to the community property. Plaintiffs were nonsuited, and the evidence heretofore quoted is substantially all that is found in the record.

The judgment should be affirmed, as evidence to support the complaint is lacking in many respects.

An issue is created as to whether the realty is separate or community property, but plaintiff offered no evidence to support the allegations of the complaint in this regard. Again, conceding the realty to be community property, a deed of gift by the husband of community property, in order to be a fraud upon the wife, must be made with a fraudulent intent. "A deed of gift of a portion of the common property, by the husband, is not void *per se.*" (*Lord* v. *Hough*, 43 Cal. 585.)

In this case, neither the complaint nor the evidence indicates any attempt to defraud the wife of her rights; and as far as the record discloses, the realty transferred to the son may have been a just and proper advancement, leaving an abundant residue for the widow and remaining heirs.

An objection was sustained to the following question asked the witness Spence: "If after you received this deed from Mr. White at that time, John R. Corker had called for it or sent for it, would you have delivered it back to him?" The ruling of the court was correct, and is directly supported by *Dean* v. *Parker*, 88 Cal. 288, where the question addressed to the witness was: "Supposing the father had come in a year after he left the deed with you, or in two or three weeks afterwards, and asked you for the deed again, would you have given it to him?" As to this interrogatory the court said: "The objection to this question should have been sustained, as the evidence sought by it was irrelevant. The matter to be determined was, what was the intention of plaintiff's father in leaving this deed with the witness; and for the purpose of arriving at this intention, evidence of any declarations made or conversa-

tions had in relation to that subject, by the said John Dean, at that or any subsequent time, would have been competent; but what the witness would have done if the deed had afterwards been called for can have no tendency to show whether the father did or did not intend in what he did to make a delivery of the deed for the benefit of his son."

The evidence is entirely lacking to prove a non-delivery of the deed to the grantee. Conceding the law to be as appellant claims it, still it is not shown but that the deed was delivered to Spence in pursuance of a prior mutual understanding and agreement between the parties.

There is nothing in the record to indicate but that every act of the grantor pertaining to the transfer of the realty was done with the consent and assent of the grantee. It is not even shown that White was authorized to deliver the deed to Spence for any purpose, or under any instructions from the grantor. The burden of proof was upon the plaintiff, and the allegations of the complaint in many respects stand without support in the evidence.

Let the judgment be affirmed.

HARRISON, J., and PATERSON, J., concurred.