## T. E. Griffis v. Zege Payne, by Next Friend.

### Decided January 13, 1900.

**1. Deed—Delivery—Evidence Held Sufficient.**

Evidence showing that the grantor delivered to a third party a deed executed by himself, with directions to keep it until his (grantor's) death, and then deliver it to the grantee, but that in prior conversations he spoke of putting it in the hands of the third party to be held until his death, unless he sooner called for it, or gave different instructions, warrants a verdict finding, in effect, that the grantor's intention was to part with all dominion and control over the deed. Following Griffis v. Payne, 92 Texas, 293.

**2. Same—Evidence Not Relevant.**

Upon an issue as to the delivery of a deed and the intention of the grantor, testimony of a third person in whose hands he had placed it as to whether or not he would have delivered it to whomsoever he understood or believed to be entitled to it under the grantor's instructions, is inadmissible.

**3. Practice—Trial by Special Issues—Harmless Error.**

Error in the court's refusal, upon request therefor, to submit a case to the jury upon special issues, is harmless, since, the statute having been subsequently changed, it would now be within the discretion of the trial court to again refuse such request on another trial, if the cause should be remanded. Acts 1899, p. 190.

Appeal from Lamar. Tried below before Hon. E. D. McClellan.

*Lightfoot, Denton & Long* and *Allen, Dohoney & Allen,* for appellant.

*Hale & Hale* and *E. W. Fagan,* for appellee.

FINLEY, Chief Justice.—This is an action of trespass to try title brought by appellee, a minor, by his next friend, to recover from appellant certain lands in Lamar County, Texas, with rents. Defendant Griffis, after the general issue, plead specially under oath, setting up that plaintiff and defendant claim under J. A. W. Burris as the common source of title; that the claimed deed from Burris to appellee was a forgery, and if genuine, was never delivered by the grantor in his lifetime, nor intended to take effect as a deed.

Defendant Griffis claims under the will of J. A. W. Burris, which was duly probated after his death. There was a verdict and judgment below in favor of the plaintiff Zege Payne for the recovery of the land, with rents.

It was not controverted that J. A. W. Burris was the common source of title, and that he was dead, having died in the latter part of January, 1897; that at his death he left a will in which all of his property was devised to defendant T. E. Griffis, and which was duly and legally probated after his death in the County Court of Lamar County, and that T. E. Griffis has ever since been in possession of the property.

The plaintiff claims under a deed from J. A. W. Burris, which it is claimed was executed November 28, 1896, a few weeks before his death. This is controverted by defendant, who contends (1) that the claimed deed is a forgery; and (2) that even if signed by Burris, it was not delivered by him or intended to take effect as a deed, but was left with the notary to be delivered after the grantor's death, if not sooner called for by the grantor; was testamentary in its character and void as a deed. The trial of the case resulted in a verdict and judgment in favor of plaintiff, from which the defendant has appealed.

Upon the two issues of fact involved, we are of the opinion that the evidence justified the verdict, and therefore conclude that these facts were established:

1. The deed from Burris to Payne was not a forgery, but was genuine.

2. The deed was delivered to Wagoner by Burris, with the direction that it should be delivered to Zege Payne, or his father, for him, upon the death of Burris; and it was the intention of Burris to surrender all dominion and control over the deed, and to pass the title to the land in the deed.

*Opinion.*—The first contention made by appellant is, that the undisputed evidence showed that Burris never parted with his dominion and control over the deed during his lifetime, but reserved the right to give further instructions to the depositary, F. W. Wagoner, in regard to it; and that for this reason no estate in the land was conveyed by the deed. The issue whether Burris intended to part with his dominion and control over the deed when he placed it in the hands of F. W. Waggoner was pointedly presented to the jury. Upon that issue, all that Burris said to Wagoner in regard to the matter, including conversations prior

to the time of the preparation of the deed, and what he said at the time he turned the deed over to Wagoner, went to the jury. The jury determined the issue against appellant, finding that Burris intended to part with his dominion and control over the deed when he placed it in Wagoner's hands. We can not agree to the proposition that the undisputed evidence showed that the contrary was true. The intention of Burris is not conclusively shown by the evidence. His instructions to Wagoner at the time he put the deed in his hands, to the effect that Wagoner was to keep the deed until the death of Burris, and then deliver it to Zege Payne, or his father for him, clearly indicates that it was his intention to finally part with all dominion and control over the deed. In conversations preceding the preparation of the deed, he spoke of putting the deed in Wagoner's hands to be held until his death, unless he sooner called for it, or gave different instructions, and in event of his death it was to be delivered to Zege Payne. These remarks throw doubt upon the intention of Burris. Upon the former appeal the same state of evidence was held sufficient to support a verdict for appellee. Griffis v. Payne, 92 Texas, 296. It was the peculiar province of the jury to settle this doubtful issue of fact. The verdict of the jury does determine the issue, and we again decide that there was sufficient evidence to justify the finding.

2. On the trial of the case, while witness F. W. Wagoner was being examined as a witness, on cross-examination, appellant's counsel asked the witness if he would have turned over the deed to Burris had he called for it before his death. The witness answered, "Yes." On objection of appellee's counsel the question and answer were excluded. Appellant's counsel then asked the witness "whether he would have delivered the deed to whomsoever he understood or believed to be entitled to it under the instructions given him by Burris." This was objected to by appellee's counsel and the objection sustained. This action of the court is assigned as error. The court did not err in this matter. Full latitude was given counsel in the examination of the witness to elicit all that was said and done by Burris and Wagoner in relation to the deed and as to Wagoner's understanding of Burris' instructions to him. The issue was the intention of Burris, and the fact that the witness would have turned back the deed to Burris had he demanded its return before his death, did not tend to show the intention of Burris.

3. The court was requested to submit the case upon special issues, but declined to do so, and required only a general verdict of the jury. Under the law as it then existed the court was required to submit the cases upon special issues when requested to do so by counsel in the case, and it was error to refuse the request. Railway v. Jackson, 50 S. W. Rep., 1012. The Legislature amended the law by an act which became effective May 12, 1899; the verdict and judgment in this case having been rendered on April 22, 1899. Under the law as it now exists the judge is not compelled to submit the case upon special issues at the request of counsel. He can not submit the case upon special issues unless

requested; but if so requested, he is left discretion in the matter, and may do so or not, as his judgment may suggest. Acts 1899, pp. 190, 191.

If we were to reverse this case on account of this error, upon another trial the judge could exercise the discretion now given him, and the case would likely be tried in the same manner. A reversal for such reason, therefore, would serve no valuable end. The statute merely affects the procedure, and as the present law sanctions the action of the court on the trial, it is believed that the error should not cause a reversal of the judgment. Railway v. Jackson, 53 S. W. Rep., 81; Insurance Co. v. Sherman, 17 Texas Civ. App., 456; De Cordova v. Galveston, 4 Texas, 475, 480; South Carolina v. Gaillard, 101 U. S., 437; In re Feneton's Petition, 7 Pa. St., 173; Butler v. Palmer, 1 Hill, 333; People v. Tibbetts, 4 Cow., 391, 392; People v. Livingston, 6 Wend., 531; In re Koch's Estate, 5 Rawle, 339-341; Improvement Co. v. Smith, 17 Am. St. Rep., 65; Insurance Co. v. Talbott, 3 Am. St. Rep., 655; Board v. Nichols, 54 Am. St. Rep., 529, 530; Steamship Co. v. Joliffe, 2 Wall., 465, 466; Cool. Const. Lim., 5 ed., top pp. 471, 440, 444; Endl. Interp. Stats., secs. 478-486, 487, 203; Bish. Writ. Laws, secs. 175-178.

4. The remaining assignments of error complain of the charge given and the refusal of special charges. The main charge fully and correctly presented the issues of fact and the law governing them, and the special charges asked were not necessary for the guidance of the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.