[Civ. No. 354.    Second Appellate District.—July 25, 1907.]

## T. P. DRINKWATER, Respondent, v. X. H. HOLLAR et al., Appellants.

ACTION TO QUIET TITLE—PLEADING—ANSWER—DELIVERY OF DEED—ALLEGATION DEEMED CONTROVERTED.—In an action to quiet title, where the answer sets up a deed from plaintiff to defendant, and alleged the delivery of the deed by plaintiff, the allegation is deemed to be controverted by the plaintiff, and he may disprove the delivery of the deed.

ID.—PROPOSED EXCHANGE OF LAND FOR STOCK—DEPOSIT OF DEED PENDING INVESTIGATION—UNAUTHORIZED DELIVERY.—Where there was a proposed exchange of plaintiff's land for defendant's railroad stock, and plaintiff delivered an acknowledged deed to brokers, who were the mutual agents of both parties, with directions to hold possession of it, until plaintiff should investigate the value of the stock, and until the exchange should be completed, and the deed

was delivered to defendant in violation of plaintiff's directions, it passed no title to defendant.

ID.—CONSENT OF GRANTOR ESSENTIAL TO DELIVERY.—In a legal sense, there can be no delivery of a deed without the consent of the grantor. The intention of the grantor, rather than the mode of executing the intention, is the crucial point. Delivery is not complete until the grantor has voluntarily surrendered all control over the deed.

ID.—EFFECT OF POSSESSION OF DEED—EVIDENCE NOT CONCLUSIVE.— While possession of the deed by the grantee named therein is *prima facie* evidence of delivery, it is not conclusive, and may be controverted by extrinsic evidence showing that it was never delivered to him by the grantor, or with his consent.

ID.—PROOF AND FINDING UPON ISSUE AS TO DELIVERY—FRAUD—BREACH OF TRUST OR RESCISSION NOT INVOLVED.—In the action to quiet title, where the issue raised by the answer was one of delivery by plaintiff of the deed under which defendant claims title from plaintiff, and the nondelivery of the deed was proved by plaintiff, and found by the court, no question of fraud, or of breach of trust, or of rescission is involved in the case. The act of the brokers in turning over the deed to defendant, contrary to the expressed wishes of the plaintiff, was as ineffectual to pass title as if the deed had been forged or stolen.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Flint & Barker, and Barker & Bowen, for Appellant, X. H. Hollar.

G. R. Freeman, and E. W. Freeman, for Respondent.

SHAW, J.—Action to quiet title. The verified complaint is in the usual form, ascribing possession and ownership of the property to plaintiff, and alleging an unfounded adverse claim of defendant thereto.

The answer controverts the ownership of plaintiff, and alleges that by deed duly executed on December 28, 1904, and delivered to defendant on January 11, 1905, plaintiff conveyed the land in question to defendant. The deed was recorded on January 12, 1905, and this action instituted on the following day. Judgment went for plaintiff, from which

and an order denying defendant's motion for a new trial made upon a bill of exceptions, he appeals.

On December 28, 1904, the respondent Drinkwater executed an "agreement for exchange," which recited that he had placed with Rains & Hunter, who were real estate brokers acting as agents for both parties, the land in question (particularly describing it), which he desired to exchange for property consisting of $6,500 par value of the stock of the Toledo, Columbus and Cincinnati Railway Company, then owned by appellant, and authorized said Rains & Hunter to act as his agents in negotiating such exchange, and agreed if they should secure an acceptance of the proposition for such exchange to furnish a certificate of title and a deed of bargain and sale conveying a good and sufficient title to the property; and upon securing the acceptance of the proposition to exchange the real estate for the stock, agreed to pay Rains & Hunter the sum of $275 as commission for their services. On the same day the appellant Hollar accepted the proposition by a written agreement to that effect, as follows:

"This Agreement Witnesseth: That I, X. H. Hollar of Lima, Ohio, owner of the second piece of property described within, hereby accept the proposition of exchange made therein, and upon the terms therein stated, and agree to furnish said stock mentioned in within agreement to T. P. Drinkwater or his assigns or representatives.

"And I further agree to pay Rains & Hunter commission for said exchange. . . .

"(Signed)    X. H. HOLLAR."

A deed of conveyance, whereby Drinkwater and his wife conveyed to appellant the real estate in question, was duly executed, and on January 4, 1905, said Drinkwater placed the deed, together with his note for the sum of $275, covering the agreed commission, with Rains & Hunter, who gave him a receipt therefor, as follows:

"January 4th, 1904.

"Received from T. P. Drinkwater deed to X. H. Hollar of lot 5 in block 47 of the lands of South Riverside Land & Water Co. in Corona, Calif. Agreement for Certificate of Title that land is to be free and clear except incumbrances mentioned in deed, and note of $275 as commission for the exchange of said property.

"RAINS & HUNTER.

''On the above we have $6500.00 stock par value of the T. C. & C. Ry. Co., which we agree to deliver to said T. P. Drinkwater on demand.

"RAINS & HUNTER."

Appellant's claim is based upon the deed executed by Drinkwater, which, it is alleged, was delivered to defendant Hollar on the eleventh day of January, 1905.

Under section 462 of the Code of Civil Procedure this allegation of delivery of the deed is deemed to be controverted. Upon the issue thus tendered by the answer, the court found there had been no delivery of any deed conveying the property to the defendant. Assuming the evidence upon which the court based its conclusion to have been admissible, it was sufficient to justify the finding. The evidence tended to prove there was no delivery of the deed; that representations as to the value of the stock had been made to plaintiff; that while he left the deed with Rains & Hunter, it was so deposited upon an understanding that they should retain possession thereof and hold until the deal was completed and until he should have time to investigate the value of the stock; that thereafter he told them that he was not satisfied and was still investigating its value, but that contrary to his instructions they delivered the deed to appellant, to all of which, and other testimony of similar character, defendant objected upon the ground that there was no issue under which such testimony was admissible.

The action was prosecuted under the provisions of section 738, Code of Civil Procedure. The deed upon which defendant bases his claim of title was duly signed, acknowledged and recorded, and constituted an apparently good record title. But delivery of a deed is equally essential in transferring title as the act of signing. "Delivery is the force that vitalizes the instrument." (*Gould* v. *Wise*, 97 Cal. 532, [32 Pac. 576, 33 Pac. 323].) While possession of the deed was *prima facie* evidence of its delivery, it was not conclusive, but might be controverted by extrinsic evidence showing that it was never delivered. If the deed was not delivered to the grantee, plaintiff was not devested of his title. In a legal sense, there can be no delivery of an instrument without the consent of the grantor. "It may be shown by parol evidence that a deed in the possession of the grantee was not delivered." (Devlin on Deeds, secs. 294, 295.)

"And even if the deed is deposited with the grantee, but for a purpose other than delivery, it would not take effect as a deed; nor can a title be derived from a deed which has not been delivered. While, therefore, it is not competent to control a deed by parol evidence where it has taken effect by delivery, it is always competent by such evidence to show that the deed, though in the grantee's hands, has never been delivered." (Washburn on Real Property, 311.) "But whether there has been a valid delivery or not must be decided by determining what was the intention of the grantor and by regarding the particular circumstances of the case." (Devlin on Deeds, sec. 269.) The intent of the grantor, rather than the mode of executing the intention, is the crucial point. (*Corker* v. *Corker,* 95 Cal. 308, [30 Pac. 541].) It may be deposited with a third person merely as custodian for safekeeping, or, as in the case at bar, "to hold until this deal was completed subject to" respondent's "investigation of this stock." It is settled that delivery is not complete until the grantor has voluntarily surrendered all control over it. The sole issue is whether or not the deed in question was delivered—not that its delivery was procured by fraud or breach of trust. Respondent contends that it was not delivered at all, and the court so found. Neither fraud nor breach of trust enter into the case; hence, the very able argument and cases cited bearing upon the subject of the cancellation of deeds and remedies where delivery thereof has been obtained through fraud do not apply to this case. Plaintiff, as said in the opinion of the supreme court in *Cutler* v. *Fitzgibbons,* 148 Cal. 562, [83 Pac. 1075], decided January 29, 1906, "is not trying to set aside a deed which conveyed the legal title, on the ground that the deed was procured through fraud, mistake, undue influence, conspiracy, etc." Plaintiff had the legal title; it certainly did not pass out of him by a written instrument which was never delivered. Having the legal title to the land, he brings this action to have his title thereto quieted against appellant, who asserts and proclaims an estate in the land based upon a deed which, according to respondent's contention, had never been delivered. The act of Rains & Hunter in turning over the deed to appellant contrary to the expressed wishes of Drinkwater was as ineffectual in devesting the latter of title as though it had been forged or stolen. (*Denis* v. *Velati,* 96 Cal. 223, [31 Pac. 1]; *Black* v.

*Sharkey*, 104 Cal. 279, [37 Pac. 939]; *Gould* v. *Wise*, 97 Cal. 532, [32 Pac. 576, 33 Pac. 323]; *Hibberd* v. *Smith*, 67 Cal. 547, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46].) Rains & Hunter were the agents of both parties. The deposit of the deed with them, under the circumstances of this case, conferred no authority to deliver it to the grantee. Plaintiff does not seek a rescission of the contract, but contends that the deed is void for want of delivery; nor is it an action by one having an equitable interest to establish a trust in one holding the legal title. Delivery of an instrument is a question of fact independent of the writing itself, and extrinsic evidence to prove nondelivery is admissible, notwithstanding the fact that the adverse claim of title constituting the cloud is based upon an apparently good record title. (*Arrington* v. *Liscom*, 34 Cal. 365, [94 Am. Dec. 722].)

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.