Hurlbut, J.,
delivered the opinion of the court.
This action was begun October 18, 1908, by plaintiffs (appellees) against defendant, and it was sought thereby to obtain a decree of the court cancelling a certain warranty deed from Angelina Little to John Harwood Little, dated February 20, 1907, recorded February 28, 1907, lipón the ground, as alleged in the complaint, that “said deed is void and of no force and effect whatever, because it was never delivered-to said John Harwood Little, the grantee named therein, nor to anyone for him, during the lifetime of the said Angelina Little.” Other matters are stated in the complaint which will be unnecessary to notice for the reason that a decision upon the question of delivery of the deed is decisive of this appeal.
The answer of John Harwood Little formed an issue upon the allegations of the complaint concerning the delivery to him of the warranty deed aforesaid.
The complaint does not allege, upon the part of grantor or grantee, any fraud, duress, deceit, want of *520 consideration or improper motive, relative to the execution, acknowledgment and delivery of the deed.
When the case was called for trial plaintiffs’ counsel suggested to the court that the burden of proof was on defendant, and asked that he be ruled to open and close the case. The defendant at once objected, but the court adopted plaintiffs’ view and held that the burden of proof was on defendant to prove lawful delivery of the deed, and that it was his duty to open and close, the case. Exceptions were saved to this ruling and preserved in the bill of exceptions. This ruling of the court was error and prejudicial to defendant’s rights. It is the generally recognized rule that possession under a recorded deed, valid on its face, is presumptive evidence of its delivery, and imposes on one denying the same the burden of showing non-delivery. A few of the numerous cases holding to this rule are the following: Carnes v. Platt, 41 N. Y. S. Ct. (9 Jones & S.), 435; Ward v. Ward, 43 W. Va., 1; Kerr v. Freeman, 33 Miss., 292; Oliver v. Oliver, 110 Ill., 119; Roberts v. Swearingen, 8 Neb., 363; Newlin v. Beard, 6 W. Va., 110.
The evidence is undisputed that defendant was in possession of the premises under- this deed and that the same had been lawfully signed and acknowledged by the grantor, and after her death duly recorded.
The record shows • that the relationship of grandmother and grandson existed between the parties to the deed, and justifies a fair inference that the consideration for the deed was a valuable one, as contradistinguished from a good consideration based solely upon love or affection. We have been cited to no authority, and know of none, which indulges a presumption of invalidity against, or casts suspicion upon, a deed from one blood relative to another simply because of such relationship. Wien such deeds, however, are attacked upon grounds of fraud, undue influence, mental weakness, etc., it seems *521 to be tbe generally accepted rule that the burden of proof is shifted to the grantee to show the execution and delivery of the deed to have been in good faith. As we read this record, there is no suggestion of the transaction culminating in the deed being other than a fair, reasonable and just act on the part of grantor, much to her credit, and showing her to be a woman of good principle and integrity.
The fact that defendant proceeded to introduce evidence after the erroneous ruling of the court, we do not think was a waiver upon his part of his right to insist on the plaintiffs opening and closing the case and going •forward with their evidence to sustain the issue tendered by their complaint. The following excerpt is from Shaw v. Abbott, 60 N. H., 564:
“Nor was the burden of proof changed by the fact that the plaintiff claimed and was allowed the right to open and close. Although the right to open and close may be determined by the burden of proof (Judge of Probate v. Stone, 44 N. H., 593) and has sometimes been allowed on condition of assuming it (Schoff v. Laithe, 58 N. H., 503), the exercise of the right to open and close is not necessarily an assumption of the burden of proof.”
Also section 226, Thompson on Trials, 2nd ed., viz.:
“This right (to open and close) in a civil case has been deemed of such importance that it has been the subject of a distinct treatise by a distinguished law-writer and judge. It is the settled law in England, and in most, if not all, American jurisdictions, that a deprivation of this right is substantial error, which, if saved and properly presented by a bill of exceptions, will operate to reverse a judgment.”
This rule being sanctioned by many respectable authorities, ■ equally strong reasons exist for holding the •error reversible where the one not holding the burden of *522 proof is compelled by the court to assume the same, as was done in this case. It is obvious that if defendant had remained passive after the court’s ruling, a decree would have been rendered in favor of plaintiffs. The injustice to defendant by this ruling'is apparent from the record, as plaintiffs introduced no witnesses nor documentary proof or evidence of any kind, but obtained a full decree in their favor without making any attempt whatever to establish by original evidence the non-delivery of the deed as pleaded by them.
Defendant offered in evidence the following instrument (Ex. b.) viz.:
“Law Offices of
“SAMUEL S. LARGE,
“Attorney and Counselor,
“515, 516 and 517 Ernest & Cranmer Building, “Denver, Colorado.
“February 28, 1906.
“Mr. Samuel S. Large,
“Denver, Colorado.
‘ ‘ Dear Sir:
“Herewith I deliver to you as agent of my grandson, John Harwood Little, warranty deed dated December 19, 1905, signed and acknowledged by me, conveying to him the following property situated in Littleton, Arapahoe County, Colorado,' viz.:
“Lots numbered one (1), two (2), three (3), four (4) and five (5), in Block numbered twelve (12); also lots numbered one (1), two (2) and three (3), in block numbered eighteen (18), all in Littleton, as per plat recorded in the office of the County Clerk and Recorder; also all. that portion of the Southeast Quarter Section Seventeen (17), in Township Five (5), South of Range *523 Sixty-eight (68) West, lying South of the center of the Platte River and West of the Rough and Ready Milling Company’s land, containing five (5) acres more or less; also a piece of land commencing at a point forty-two (42) feet West of the Northwest corner of Block eighteen (18), as per recorded plat of Littleton, from thence due North two hundred and fourteen feet (214 ft.) to County Road; from thence due West one hundred and forty-seven feet (147 ft.) to Mill Race, from thence in Southerly direction along the Bast side of said Mill Race to a point two hundred and eighty-one feet (281 ft.) due West of place of beginning; from thence due East to.place of beginning. Also a piece of land described as follows: Commencing at a point forty-two (42) feet due West of the Northwest corner of Block Eighteen (18), as per recorded plat of Littleton; from thence due East one hundred and seventy-' two (172) feet to a point; from thence North one hundred and thirteen (113) feet to South side of Malinda Street; from thence in a Northwesterly direction to the intersection of South side of County Road with Powers Street, which point is two hundred and fourteen (214) feet due North of place of beginning; from thence due South two hundred and fourteen (214) feet to place of beginning; the last two mentioned pieces of land being the same as were deeded to John Harwood by Malinda A. Powers and the Colorado Mortgage and Investment Company.
“This deed is to take effect in presentí, but not to be recorded until after my decease, and I am to have the privilege of occupancy of the said property during my lifetime, as part consideration of the said conveyance.
(Signed) “ANGELINA LITTLE.
“I hereby accept said conveyance and agree to the above.
(Signed) “JOHN HARWOOD LITTLE.”
Upon objection by plaintiffs the same was excluded. This ruling was palpable error. In order to better un *524 derstand the situation some matters appearing of re,cord should be mentioned. The witness Large had been a close friend of Angelina Little and John Harwood Little for many/ years, during which time he had been their legal advisor, generally without charge; he had drawn a number of deeds and documents for them; and he drew three deeds from Angelina Little to J ohn Harwood Little, conveying the property described in the complaint, the first about July, 3903, which was delivered to her, but Large never saw it afterwards and knew of no instructions accompanying it. The next was prepared in December, 1905, and Ex. b. was written at the same time, but not signed until February 28, 1906. This deed was never signed, because it included property .not belonging to grantor. The next and last deed was prepared about February 20, 1906 (Ex. a.), and was signed and acknowledged by the grantor February 28, 1906. At the same time she signed Ex. b., which was also signed by John Harwood Little. Three or four days after February 28, the deed and letter were handed to Mr. Large and he retained them until February 7, 1907, at which time he handed the deed to defendant J ohn Harwood Little. This was about four days after the death of grantor. Ex. b. is a clear, positive and unambiguous recital of the exact intention of Angelina Little and John Harwood Little as to the effect of the deed and the purpose to be accomplished thereby. It is not only signed by the grantor of the deed, but also bears the signature of the grantee. It is too clear for argument that the conversations and discussions between grantor and grantee, concerning the effect of said deed and its delivery, had at the time or prior to its execution and deposit with Large, are merged in the writing, and tlieir intentions relative to the deed must be deduced therefrom. Exhibit b. thus became the true and only guide in ascertaining such intentions. There is no evidence tending to show that, after the letter and *525 deed were delivered as above stated, any agreement, contract or understanding, was had between the grantor and grantee, or between them or either of them and Large, changing in any manner the terms of such instrument. Appellees objected to the introductio'n of Ex. b. in evidence, on the ground that the same was hot admissible because of a pencil change in its date, from December, 1905, to February 28, 1906, and because the body of the instrument refers to a warranty deed dated December 19, 1905, instead of to the date of the one in issue, viz., February 20, 1906. There is nothing in this objection, as the undisputed evidence clearly shows that the instrument was originally written in 1905 for the purpose of being signed and delivered contemporaneously with the warranty deed of 1905, which deed was never signed. It was not destroyed, but was held until the 28th day of February, 1906, on which date it was signed, together with the deed (Ex. a.), in the presence of the witness Large, and both deposited with him shortly after that time. The testimony of Large shows that before Ex. b. was signed he changed the date of the same from December, 1905, to February 28,1906, and intended to change a recital therein, “December 19, 1905,” to February 20, 1906, but overlooked the same. We think Ex. b. was the best possible evidence explanatory of the true intention of the parties in regard to the deed’s execution, acknowledgment, delivery, and deposit with Large. The record discloses no good reason why it should have been excluded. Much cross-examination was indulged in tending to elicit from the witness Large what his verbal instructions were, and what he would have done with the deed in case the grantee had died before the grantor, all of which was inadmissible. — Griffis v. Payne, 22 Tex. Civ. App., 519. Appellees’ counsel also repeatedly and persistently propounded question to the witness Large tending to elicit from him admissions that he held the deed under differ *526 ent conditions from those expressed in Ex. b., bnt the witness repeatedly and persistently testified that he held the deed exclusively under its terms, and to the best of his ability performed his duty in strict conformity with the conditions therein expressed.
The evidence shows that certain erasures were made in the deed after Large received the same, but this is satisfactorily explained by the undisputed testimony of Large. About six months after Exhibits a. and b. were deposited with him some lots known as the “cottage” lots, described in the deed, were sold to one Grill, and deeds given therefor, in which Angelina Little and John Harwood Little were grantors. This information was conveyed to Large, and he obtained the consent and approval of both grantors to erase the description of that property from the deed in his possession, which he did with some kind of chemical. Large had consulted both of them as to making a new deed after the sale of the “cottage” property, and it was understood that he should do so, but when he called on Angelina Little shortly before her death with reference to the matter he recognized her failing condition and thereupon obtained her approval, as well as that of John Harwood Little, to make the erasure in question.
In support of the proposition that the possession of property under a properly executed and recorded deed raises the presumption of lawful delivery, and that the burden is on him who alleges to the contrary to rebut such presumption, the following authorities, in addition to those already cited, are in point, viz.:
Marvin v. Stimpson, 23 Colo.,174. The court says:
“What is essential in law to constitute a delivery of a deed has been considered in many of the adjudged cases, and the generally accepted rule is that when, from the *527 acts and agreements of tlie parties, the.intention of the grantor to invest the grantee with the immediate ownership of the property, and of the grantee to accept the same, is manifest, snch intent and purpose is sufficient to constitute a constructive delivery of the deed, even though the actual custody thereof remained in the grantor, or some third person.”
Also Kyle v. Calmes, 2 Miss. (1 How.), 121.
The following from Cyc., vol. 13, p. 569, is supported by numerous authorities, viz.:
“The delivery of a deed by the grantor to a third person, to be held by him and delivered to the grantee upon the grantor’s death, will operate as a valid delivery where there is no reservation on the part of the latter of any control over the instrument.”
See also McCalla v. Bane, 45 Fed., 828; Corker v. Corker, 95 Cal., 308; Stewart v. Stewart, 5 Conn., 317; Goodpaster v. Leathers, 123 Ind., 121; Hinson v. Bailey, 73 Iowa, 544; Crooks v. Crooks, 34 Ohio St., 610; Millican v. Millican, 24 Tex., 426.
From the last cited case we extract the following:
“It (the disposition of the property by warranty deeds) could not be avoided, on the ground that it was a testamentary disposition of the property. * * *
“The deeds in question, importing an absolute transfer of the property, the burden of proving the contrary was on the plaintiffs; and we see nothing in the evidence to warrant the conclusion that they were not made and delivered with the purpose and intention which appears upon their face, or that they did not have the full effect and operation, to divest the grantor of the ownership, and vest it absolutely and presently in the donees.”
*528 In Bury v. Young, 98 Cal., 446, the court says:
“Section 767 of the Civil Code provides that a freehold may .commence in futuro, and for that reason we are inclined to recognize the views of Dixon, C. J., in Prutsman v. Baker, 30 Wis., 650; 11 Am. Rep., 592, as the true rule applicable to this class of cases in this state. We know of nothing in the codes forbidding the doctrine announced in that case, to wit, that the grantor upon the irrevocable delivery of the deed to the depositary, thereupon constitutes such depositary the trustee of the grantee, and creates in himself a tenancy for life.”—Baker v. Baker, 150 Ill., 394; Roberts v. Swearingen, 8 Neb., 363.
Ex. b. specifically recites that the deed shall take effect in presentí, but shall not be recorded until after the death of the grantor, and that the grantor shall have the privilege of occupancy of the premises during her lifetime. The record discloses that the witness Large fully and faithfully discharged-the trust imposed on him by the terms of that instrument. The evidence is undisputed that both Exhibits a. and b. were signed and executed by the grantor, and the latter by the grantee, prior to their deposit with Large; that the erasure from the deed, after its deposit with him, was done with the full approval and under the instructions of both grantor and grantee; that the changing of the date of Ex. b., .by pen or pencil, from December, 1905, to February 28, 1906, is shown by the evidence to have been understood and approved by both grantor and grantee, and the failure to change the recital in that instrument, namely, “December 19,1905, ’ ’ to February 28,1906, is convincingly shown by the record to have been a mere oversight; and the evidence is equally clear that both grantor and grantee fully intended Ex. b., which was originally drawn in 1905, to be changed and used in the transaction of February 28, 1906.
*529 We are of tlie belief, from a full consideration of the record, that appellees’ case is without merit; Therefore the judgment will be reversed, with instructions to the district court to dismiss the action at the cost of plaintiffs.

Reversed, With Instructions.