[Civil No. 3317.   Filed October 4, 1934.]

[36 Pac. (2d) 174.]

MERRILL J. BROWN, Executor of the Estate of RALPH MOSS, Deceased, Appellant, v. THE FIRST NATIONAL BANK OF NOGALES, a Banking Association, Assignee of the Original Plaintiff, A. L. GUSTETTER, Appellee.

Mr. G. A. Little, for Appellant.

Messrs. Duffy & Robins, for Appellee.

LOCKWOOD, J.—Dr. A. L. Gustetter, hereinafter called plaintiff, brought suit against Merrill J. Brown,

as executor of the estate of Ralph Moss, deceased, hereinafter called defendant, for the reasonable value of medical services which plaintiff alleged to have been performed by him for defendant's decedent.

The case was tried to the court sitting without a jury, and judgment rendered in favor of plaintiff for the amount prayed for in the complaint. Thereafter a motion for new trial was filed based substantially on two grounds: (a) That the evidence did not sustain the judgment; and (b) that material evidence had been newly discovered which could not with reasonable diligence have been found and produced at the trial of the case. The motion was heard and evidence presented upon the second ground above set forth.

It was the contention of defendant that he had discovered, after the judgment was rendered, that the suit should have been brought by the First National Bank of Nogales, hereinafter called the bank, for the reason that it was the legal and equitable owner of the claim at the time the suit was filed. In support of this position defendant offered in evidence a written assignment of the claim upon which the suit is based, executed by Gustetter in favor of the bank. This assignment was complete and unqualified in form, and on its face was a complete transfer of all legal and beneficial interests in the claim. It also appeared by the uncontradicted evidence that defendant had no knowledge of the assignment until after the suit had gone to judgment. Plaintiff introduced as witnesses Dr. Gustetter and the cashier and president of the bank, and they testified, in substance, that while the assignment had been executed and tendered the bank, its officers had specifically refused to accept it, and that it has been left with them merely as evidence that Gustetter would, if,

as and when he collected on his claim, use part of the money towards paying an indebtedness due the bank.

The trial court, having heard all of the evidence, made the following finding of fact in regard to the assignment:

"That the legal effect of such an assignment was discussed by said A. L. Gustetter and the officers and attorney for said Bank whereupon it was by them understood, agreed and determined that said assignment would not be used and would not be or become effective and would not be presented to the Executor of said estate and that any action upon plaintiff's claim against the executor of said estate would be brought by and prosecuted in the name of said A. L. Gustetter, but that said Gustetter would pay his indebtedness to said Bank from the amount, if any, of any judgment in such action collected by said A. L. Gustetter."

And the motion for new trial was thereupon overruled. Thereafter defendant appealed to this court.

There are two questions raised by the assignments of error; the first being the sufficiency of the evidence to support the judgment, and the second whether the action of the trial court in denying the motion for new trial made on the ground of a defect of parties was correct. Counsel for defendant have not argued the question of the sufficiency of the evidence to sustain the judgment, and we therefore assume that this assignment has been abandoned. We consider therefore only the question of whether the suit was brought by the proper party plaintiff. If the assignment referred to above was in effect at the time the action was brought, there can be no question that Gustetter was not a proper party plaintiff, for upon its face it is a full and complete transfer of all his interest in the claim sued on, both legal and equitable, to the bank, and it conclusively appears that until after judgment was rendered de-

fendant had no knowledge thereof and therefore could not have contested the case on that ground. But if the assignment never became effective Gustetter was still the owner of the claim and of course the proper party plaintiff. The trial court found that the assignment never did become effective, but this finding was based entirely on parol evidence. We consider then whether such evidence is sufficient to sustain the finding. It is urged by defendant that this is in effect an attempt to alter the terms of a written instrument by parol evidence, which, of course, is not permissible. But in order to make a written agreement a binding contract it must not only be executed, but delivered with the intent of both parties that it take effect, and it is very generally held that the fact that there was never any valid or effective delivery of an instrument may be shown by parol. *Drinkwater* v. *Hollar*, 6 Cal. App. 117, 91 Pac. 664; *Faunce* v. *State Mutual Life Assur. Co.*, 101 Mass. 279; 22 C. J. 1223.

There was evidence presented on the motion for new trial sufficient to sustain the finding that the officers of the bank refused to accept the assignment of the claim, and never expected or intended it to take effect, but insisted on other security for their indebtedness. The admission of such evidence did not violate the parol evidence rule and was sufficient to justify the trial court in finding "that said assignment would not be used and would not be or become effective." Such being the case, at the time the suit was filed and until it proceeded to judgment Gustetter was the proper plaintiff, and the court properly overruled the motion for a new trial.

The judgment of the superior court of Santa Cruz county is affirmed.

ROSS, C. J., and McALISTER, J., concur.