470 P.2d 609 (1970)
Lee E. YEAGER, Plaintiff in Error,
v.
Carl L. LATHROP, Administrator dbn of the Estate of Dorothy M. Curtis, also known as Dorothy M. Cavalli, Deceased, Defendant in Error.
No. 70-037. (Supreme Court No. 22681.)
Colorado Court of Appeals, Div. II.
February 17, 1970.
March, March & Sullivan, John-David Sullivan, Arthur E. March, Jr., Fort Collins, for plaintiff in error.
Allen, Mitchell & Rogers, Eugene E. Mitchell, Garth W. Rogers, Fort Collins, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Parties appear here in the same order as they appeared in the trial court and shall be referred to in their trial court status.
*610 Plaintiff instituted this action to recover damages for the death of his wife and son, charging that such deaths were caused by the negligent and wrongful acts of Dorothy M. Curtis, also known as Dorothy M. Cavalli, now deceased and for whose estate the defendant acts as Administrator.
The automobile accident in which the plaintiff's wife and child were killed and also in which Dorothy M. Curtis was killed, occurred at approximately 8:20 P.M. on the southbound lane of a highway running between Cheyenne, Wyoming, and Denver, Colorado, to which there is access from the City of Fort Collins, Colorado. The situs of the accident was north of the City of Fort Collins, in which the plaintiff and his family resided. There were no witnesses to the accident, and all those who experienced it died in it.
Trial was to the court without a jury. The principal evidence consisted of the testimony of a State Highway Patrolman and that of two expert engineering witnesses. All such witnesses gave opinions as to the direction of travel of the automobiles prior to collision. Photographs and diagrams were also entered as exhibits during the course of the trial. In substance, the evidence took the following form:
(a) Dorothy M. Curtis left the home of her father in Cheyenne, Wyoming between 6:30 and 7:00 P.M. on the date of the accident with her point of destination being Denver, Colorado, which City lies south of Cheyenne, Wyoming and also south of Fort Collins, Colorado. There was no evidence as to when the plaintiff's wife and child may have left their home in Fort Collins, Colorado, although there was evidence that they had eaten dinner in the family home that evening.
(b) The State Highway Patrolman and the expert witness called on behalf of the plaintiff gave their opinions, which were primarily to the effect that at the time of the accident the car driven by Dorothy M. Curtis would have had to be driving in a northerly direction, and that the car presumably driven by the plaintiff's wife would have been traveling in a southerly direction.
(c) The expert witness testifying on behalf of the defendant was of the opinion that the automobile driven by Dorothy M. Curtis was driving in a southerly direction prior to impact and that the automobile presumably driven by plaintiff's wife was traveling in a northerly direction.
(d) All of the expert witnesses held the common opinion that the accident was caused by whichever car was traveling northward, crossing over into the southbound lane of traffic.
(e) The State Highway Patrolman, originally testifying as plaintiff's witness, stated that the physical facts which he observed and on which he had based his conclusions as to the respective directions of the automobiles at the time of impact could be construed either way insofar as indicating the directions in which the respective automobiles were traveling prior to collision. The expert witness who testified on behalf of the plaintiff also stated that, on the basis of certain assumptions relating to the movement of the cars after the time of impact, different conclusions as to the direction of travel of the respective cars prior to impact could be drawn.
Following the submittal of all evidence, the trial court ruled that the plaintiff had failed to meet his burden of proof. Judgment was then entered for the defendant.
Plaintiff contends here that the only interpretation which could be drawn from the evidence is that the plaintiff's wife was driving south toward Fort Collins in the highway's southbound lane, and that Dorothy M. Curtis was driving in a northerly direction and crossed over into the southbound lane of the highway, thereby causing the collision.
It is our opinion that the evidence submitted to the trial court as to the positions and conditions of the automobiles and as to the meaning of the visible markings which were available for observation after the collision could yield and did yield two equally plausible theories as to the directions *611 of travel of the automobiles prior to impact. Such being the case, the trial court's decision that the plaintiff had failed to prove negligence on the part of the deceased Dorothy M. Curtis was proper. The burden of proof of negligence rests upon him who asserts it, and where the evidence presents no more than an equal choice of probabilities, it is not sufficient to meet the burden. Coakley v. Hayes, 121 Colo. 303, 215 P.2d 901 (1950).
Judgment affirmed.
DWYER and ENOCH, JJ., concur.