James Allen **BUDDE**, Plaintiff-Appellant,

v.

**KENTRON HAWAII, LTD.,** and Jessie B. **Francis,** Defendants-Appellees.

No. 81–1225.

United States Court of Appeals, Tenth Circuit.

March 21, 1983.

Rehearing Denied April 19, 1983.

---

Edmond R. Eberle, New Orleans, La., for plaintiff-appellant.

Raymond J. Connell, Denver, Colo. (Kevin E. O'Brien of Hall & Evans, Denver, Colo., with him on the brief), for defendants-appellees.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a personal injury case. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The district court directed a verdict for the defendant on the ground that the plaintiff had failed to establish a

*prima facie* case of negligence and dismissed the action. The plaintiff appeals, contending that he presented sufficient evidence of negligence to require submission of the case to the jury. We do not agree, and therefore affirm.

I. Background

On September 27, 1970, the plaintiff, James Allen Budde, suffered serious head injuries when a military jeep in which he was riding as a passenger went off a road in South Vietnam and overturned.[1] Due to the injuries he sustained in the accident, the plaintiff has no recollection of the events which preceded the accident or of the accident itself.

After returning to the United States, the plaintiff endeavored to ascertain the identity of the driver of the jeep and the circumstances surrounding the accident. He retained counsel. In time, the plaintiff's counsel secured a "military accident report,"[2] which report indicated that the driver of the jeep was one Jessie B. Francis (Francis). The report also stated that Francis was an employee of Kentron Hawaii, Ltd. (Kentron). Further inquiry disclosed that Kentron is a Hawaii corporation, which, at the time of the accident, was under contract to provide electrical calibration services in South Vietnam for the United States Army. Upon obtaining this information, the plaintiff commenced the present action against Francis and Kentron.[3]

II. Proceedings before the District Court

Because Francis was never located,[4] the trial below necessarily focused on Kentron's liability to the plaintiff.[5] The plaintiff asserted that Kentron was liable on two theories. First, the plaintiff claimed that Ken-

---

1. At the time, the plaintiff was working in South Vietnam as an airplane mechanic for Dynalectron Corporation.

2. The report was obtained from the insurance carrier of the plaintiff's employer.

3. The plaintiff has attempted unsuccessfully to litigate his claims in other forums. *See Budde v. Insurance Co. of N. Am.,* 502 F.2d 783 (5th Cir.1974) (action barred by statute of limitations); *Budde v. Ling-Temco-Vought, Inc.,* 511

F.2d 1033 (10th Cir.1975) (court lacks jurisdiction over Kentron).

4. Francis is no longer employed by Kentron.

5. The district court originally dismissed the case on the ground that it lacked personal jurisdiction over Kentron. However, this court reversed that ruling in *Budde v. Kentron Hawaii, Ltd.,* 565 F.2d 1145 (10th Cir.1977).

tron was vicariously liable for the negligence of Francis under the theory of *respondeat superior.* Second, the plaintiff asserted that Kentron was directly liable under the theory of negligent entrustment.[6]

At trial, the plaintiff attempted to introduce as evidence a copy of the military accident report, to which was attached an account of the accident purportedly written by Francis; the deposition of Francis's supervisor in Vietnam, who recalled that Francis had reported the accident to him; and Kentron's answers to interrogatories propounded by the plaintiff. According to the plaintiff, all three documents showed that Francis's negligence caused the accident. No other proof of negligence was offered.

The district court refused to admit the military accident report, the statement attached to it, and portions of the interrogatories. The district court did, however, admit the deposition of Francis's supervisor and the remaining interrogatories. The deposition and interrogatories were then read to the jury, after which the plaintiff rested his case. At this point, Kentron moved for a directed verdict. The district court granted the motion, noting that the plaintiff had not established a *prima facie* case of negligence and specifically declaring that the result would have been the same even if all of the evidence tendered by the plaintiff had been admitted.

### III. Discussion

On appeal, the plaintiff argues that the district court's evidentiary rulings were incorrect and that, in any event, there was sufficient evidence of negligence to warrant submitting the case to the jury. We agree with the district court that a directed verdict would have been appropriate even if all

the evidence tendered by the plaintiff had been admitted. Accordingly, we affirm without addressing the evidentiary question.[7]

The propriety of the directed verdict must be tested by federal law. *Lupton v. Torbey,* 548 F.2d 316 (10th Cir.1977). Under federal law, a verdict may not be directed unless "all the inferences to be drawn from the evidence are so patently in favor of the moving party that reasonable men could not differ as to the conclusions to be drawn therefrom." *Hidalgo Properties, Inc. v. Wachovia Mortgage Co.,* 617 F.2d 196, 198 (10th Cir.1980). Further, "[a]ll such evidence and the inferences in this regard must be construed in the light most favorable to the party against whom the motion is directed." *Id.* (citing *Wilkins v. Hogan,* 425 F.2d 1022 (10th Cir.1970)).

The "evidence" produced by the plaintiff viewed in the light most favorable to him indicates as follows: (1) that Francis was the driver of the jeep, (2) that at the time of the accident it had just begun to rain, (3) that the jeep was traveling at approximately 30 miles per hour, (4) that the accident occurred while Francis was passing a slower automobile, (5) that the jeep skidded after encountering a "slick spot on the black top," and (6) that the "left front wheel on the jeep either locked or collapsed thus making the jeep roll." Nothing else is shown.

In our view, it is not possible to infer negligence from these facts. There is simply no basis for concluding that Francis was or was not negligent. *See, e.g., Yeager v. Lathrop,* 28 Colo.App. 44, 48, 470 P.2d 609, 611 (Colo.Ct.App.1970).[8] Further, proof

---

**6.** The plaintiff in his initial brief alleged that Francis was grossly negligent. During trial, however, the arguments focused on whether the plaintiff could establish mere negligence. We should also note that the plaintiff apparently did not contend that the doctrine of *res ipsa loquitur* applied in this case.

**7.** For purposes of discussion, then, we assume that all of the evidence tendered by the plaintiff was admitted.

**8.** In that case, the court stated that the "burden of proof of negligence rests on him who asserts it, and where the evidence presents no more than an equal choice of probabilities, it is not sufficient to meet the burden." *Yeager v. Lathrop.,* 28 Colo.App. 44, 48, 470 P.2d 609, 611 (Colo.App.1970).

that an accident occurred alone is not enough to establish negligence. *See, e.g., Thiele v. State,* 30 Colo.App. 491, 496, 495 P.2d 558, 561 (Colo.Ct.App.1972).

Accordingly, we conclude that the district court did not err in directing a verdict for Kentron on the issue of Francis's negligence. Given this determination, we must also affirm the dismissal of both of the plaintiff's claims.[9]

Judgment affirmed.

---

9. Negligence by the entrustee is an element of negligent entrustment. *See, e.g., Gill v. Schaap,* 601 P.2d 545, 547 n. 1 (Wyo.1979); *Hines v. Nelson,* 547 S.W.2d 378, 385 (Tex.Civ. App.1977); *Saunders v. Vikers,* 116 Ga.App. 733, 736–37, 158 S.E.2d 324, 327 (Ga.App. 1967). For this reason, the determination that there was not sufficient evidence that Francis was negligent disposes of the plaintiff's negligent entrustment claim.