**ATLANTIC AND PACIFIC INSURANCE COMPANY, a Colorado corporation, Petitioner-Appellee,**

v.

**J. Richard BARNES, Colorado Commissioner of Insurance, Respondent-Appellant.**

**No. 82CA0621.**

Colorado Court of Appeals, Div. I.

May 26, 1983.

**164**

Shoemaker, Wham, Krisor & Bendelow, Edward M. Bendelow, Denver, for petitioner-appellee.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Howard, Asst. Atty. Gen., Denver, for respondent-appellant.

COYTE,* Judge.

Respondent, J. Richard Barnes, Colorado Commissioner of Insurance (Insurance Commissioner), appeals the judgment of the trial court determining that, contrary to respondent's ruling, the capital of petitioner, Atlantic & Pacific Insurance Company (A & P), was not impaired and setting aside the Insurance Commissioner's order placing A & P under conservatorship. We reverse.

On February 22, 1982, following a preliminary audit of A & P's books and records, the Insurance Commissioner placed A & P under an order of direct supervision pursuant to § 10–3–405, C.R.S.1973. It was subsequently determined that A & P had a negative surplus, and on March 15, 1982, the Insurance Commissioner made a finding that A & P's capital was impaired within the meaning of § 10–3–212, C.R.S.1973, and placed A & P under an order of conservatorship pursuant to § 10–3–408, C.R.S.1973.

A & P filed protests to both the order of direct supervision and the order of conservatorship. The Insurance Commissioner set a hearing within fifteen days of the protests for A & P to show cause why the order should not have been made as provided for in § 10–3–409, C.R.S.1973. However, having determined that an emergency existed under § 10–3–409, C.R.S.1973, the Insurance Commissioner denied A & P's request for a stay of the order of conservatorship pending the hearing.

Rather than proceeding before the Commissioner, A & P, acting pursuant to § 10–3–413(1)(a), C.R.S.1973, sought judicial relief in the form of a trial *de novo* of the Insurance Commissioner's action. In *Colorado Land Use Commission v. Board of County Commissioners,* 199 Colo. 7, 604 P.2d 32 (1979), the court held that review *de novo* under § 24–65.1–407(1)(c), C.R.S.1973 (1982 Repl. Vol. 10) was not to take on the meaning applied in the review of judicial or quasi-judicial proceedings, that is, trial anew on the merits; rather, it is limited to a determination of questions of illegality or impropriety on the part of the local government. Section 10–3–413(1)(a), C.R.S.1973, provides that "[t]he action shall not be limited to questions of law but shall be tried and determined upon a trial *de novo.*" The same rationale underlying the decision in *Colorado Land Use Commission, supra,* applies to the interpretation of the term trial *de novo* in this statute. Accordingly, here, this suit filed by A & P is limited to determining questions of illegality or impropriety on the part of the Insurance Commissioner in placing A & P under an order of conservatorship.

A & P's petition for judicial review set forth a number of objections to the order of direct supervision and the order of conservatorship, including the allegations that there was no statutory impairment as defined in § 10–3–212, C.R.S.1973, and that A & P was not deficient in meeting the minimum requirements of § 10–3–201, C.R.S.1973. The trial court narrowed the issue to whether A & P's capital was impaired, and placed the burden of proof on the Insurance Commissioner to show that A & P's capital was impaired. In effect, the court

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

required the state to bear the burden of producing evidence and the burden of persuasion that its decision to impose the conservatorship was proper, rather than imposing the burden of proof that it was invalid on A & P.

The Insurance Commissioner's objection to this assignment of the burden of proof was overruled, and the Insurance Commissioner proceeded to present testimony of its accountant to show that A & P's capital was impaired and that, therefore, the conservatorship was justified. A & P's motion for judgment at the conclusion of the Insurance Commissioner's case was overruled, and A & P presented testimony of its actuarial experts who challenged the audit by the state's accountant. The trial court concluded that the Insurance Commissioner had not established that A & P's capital was impaired and, thus, entered judgment in favor of A & P.

The Insurance Commissioner argues that it was error for the trial court to place the burden of proof on the Insurance Commissioner. We agree.

■ The proper allocation for the burden of proof is a substantial right of the parties. It is reversible error if the trial court allocates the burden of proof to the wrong party. *See Little v. Little,* 23 Colo.App. 518, 130 P. 1022 (1913).

■ Several principles of law are applicable to the determination of which party had the burden of proof in this case. First, as a general rule, the burden of proof rests upon the party who asserts the affirmative of an issue. *Gertner v. Limon National Bank,* 82 Colo. 13, 257 P. 247 (1927); *Firkins v. Affolter,* 504 P.2d 365 (Colo.App.1972) (not selected for official publication). The test is to determine which party would be successful if no evidence were given and then place the burden of proof on the adverse party. *American Insurance Co. v. Naylor,* 101 Colo. 34, 70 P.2d 349 (1937). In other words, the party seeking to change the status quo has the burden of proof.

■ Secondly, when a party brings an action challenging an administrative decision of a state official, acting as such, then the burden of proof is on the party challenging the official action. *McLean v. Farmers' High Line Canal & Reservoir Co.,* 44 Colo. 184, 98 P. 16 (1908).

■ In this case, it was A & P who was seeking to change the status quo. If no evidence had been presented at the hearing, then the Insurance Commissioner would have prevailed and the order of conservatorship would have remained in effect. A & P had affirmatively alleged that there was in fact sufficient surplus and that respondent was in error in making its administrative determination that A & P's capital was impaired. Thus, A & P had the burden of establishing by a preponderance of the evidence the impropriety of the conservatorship. Hence, it was error to place the burden of proof on the Insurance Commissioner.

■ Furthermore, a review of the record shows that it was not only error to impose the burden of proof on the Insurance Commissioner, but also that, on the evidence presented, judgment should have been entered in his favor. If a party has the burden of proof by a preponderance of the evidence, and the evidence presented weighs evenly on both sides, the finder of fact must resolve the question against the party having the burden of proof. *People v. Taylor,* 618 P.2d 1127 (Colo.1980); *Colo. J.I.* 3:1 (2d ed. 1980). *See Yeager v. Lathrop,* 28 Colo.App. 44, 470 P.2d 609 (1970).

■ In this case, the trial court determined that the Insurance Commissioner had not established by a preponderance of the evidence that A & P's valuation methods were wrong in determining the amount of surplus and, thus, accepted A & P's figures without requiring A & P to establish by a preponderance of the evidence that there was in fact a sufficient surplus. A review of the record further discloses that the court viewed the evidence to be equally weighted on either side of the issue, *i.e.,* neither valuation method used by either of the parties was shown by the evidence to be more accurate than the other. Thus, the

burden of proof being upon the petitioner, and the evidence being equally weighed on the issue of the sufficiency of the surplus, judgment should have been entered in favor of respondent.

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of the Insurance Commissioner.

ENOCH, C.J., and STERNBERG, J., concur.