[S. F. No. 6753. In Bank.—June 28, 1916.]

CLAUS A. SPRECKELS et al., Appellants, v. JOHN D. SPRECKELS et al., Respondents.

HUSBAND AND WIFE—COMMUNITY PROPERTY—HUSBAND'S POWER OF DISPOSITION.—Under section 172 of the Civil Code, as enacted in 1872, and prior to the amendment of 1891, providing that the husband has the management and control of the community property with the like power of disposition (other than testamentary) as he has of his separate estate, it was the established doctrine that during the marriage the husband was the sole and exclusive owner of all of the community property, and that the wife had no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survived him; and the limitation upon the husband's testamentary power was not understood to vest in the wife, during the marriage, any interest or estate whatever in the community property, but

merely to constitute a restriction upon the husband's power. If the husband undertook to dispose of all the community property by will, giving the wife less than one-half thereof, such disposition was not absolutely void, but had the effect of putting her to her election whether to take under the statute or under the will. If she took the latter provision, the disposition in the will of the remaining portion of the property was thereby affirmed and made valid.

ID.—GIFT OF COMMUNITY PROPERTY—AMENDMENT OF 1891.—The proviso added in 1891 to section 172 of the Civil Code to the effect that the husband cannot make a gift of community property, or convey the same without a valuable consideration, unless the wife, in writing, consent thereto, does not render a gift of community property by the husband without the consent of the wife void as to him, nor confer upon him, in his lifetime, or upon his personal representatives after his death, any right or power to revoke a gift or recover the property; nor does the proviso purport to vest in the wife, during the marriage, any present interest or estate in the community property given away by the husband without her written consent. If it confers upon her, during the marriage, any right respecting such gifts, it is nothing more than a right to revoke the gift, and, if necessary, sue to recover the property, not as her separate estate, but to reinstate it as a part of the community property, with the title vested in the husband and subject to sale by him, as before.

ID.—RIGHT OF ACTION BY WIFE—ACCRUAL—STATUTE OF LIMITATIONS.— If a right of action accrued to the wife upon the making of a gift of community property by the husband, a cause of action would exist in her favor at that moment to set aside the gift, and the statute of limitations immediately would begin to run against the cause of action, if she had knowledge of the gift, or was put on inquiry concerning it, and if she was ignorant thereof at the time, it would begin to run as soon as she discovered the fact or in the exercise of reasonable diligence should have discovered it.

ID.—DEMURRER—STATUTE OF LIMITATIONS—FAILURE TO SPECIFY SECTION.—It is not necessary in a demurrer on the ground that the action is barred by the statute of limitations to specify the section of the statute.

ID.—KNOWLEDGE OF GIFTS—PRESUMPTION.—In an action by the representatives and heirs of a deceased wife to recover one-half of the community property alleged to have been unlawfully given away by the husband during his lifetime, without the consent of the wife, where there is no claim made that the wife did not know of the gifts when they were made, and no allegation excusing her ignorance thereof and failure to make discovery, it must be presumed that she knew of them, and if she had a right of action during the marriage, the statute of limitations immediately there-

upon began to run against her, and any action by her as to real property given away in 1897 would be barred in 1902, and as to personal property given away in 1904, in 1907 or 1908, and if barred as to her, the action would also be barred as to her personal representatives and heirs after her death.

ID.—SECTION 172, CIVIL CODE—PROVISO FOR BENEFIT OF WIFE—GIFTS BY HUSBAND VOIDABLE.—The proviso of section 172 of the Civil Code was manifestly intended solely for the benefit of the wife, and if she seeks to assert such right it is incumbent upon her to show that the facts exist upon which it depends; and a gift made by the husband in violation of said proviso is not absolutely void with respect to her, but only voidable by her upon the proof of the facts necessary to that end, and immediately vests the property in the donee subject to her right of revocation.

ID.—VOIDABLE GIFTS—RIGHT OF WIFE TO RATIFY.—Gifts of community property made by a husband during his lifetime with the intent and purpose to deprive the wife of her right to one-half of the community property upon his death and to prevent her from giving a part thereof to certain of their children, not being void for that cause, but only voidable, at the wife's option, are capable of ratification and confirmation by her.

ID.—UNLAWFUL GIFTS OF COMMUNITY PROPERTY BY HUSBAND—RATIFICATION BY WIFE.—Where a husband during his lifetime gave a large part of the community property of himself and wife to two of his children, without the consent of the wife, and in his will stated that he made no provision for these children for the reason that he had already given them a large part of his estate, and the wife, with full knowledge of the provisions of her husband's will and its admission to probate, and with full knowledge of a large part of the gifts that the husband had made, seven months after his will had been admitted to probate executed her own will, giving all of her estate to the children other than those excluded by the husband's will, and providing therein that she intentionally omitted making any provision for these children or their issue because she did not desire them to take any part of her estate, for the reason that her husband, prior to his death, had already given and advanced to them a large part of his estate and for other reasons satisfactory to her, the action of the wife was equivalent to an express ratification and confirmation of the gifts made by the husband, and was a consent thereto, by her, in writing, advisedly made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, Cushing & Cushing, and Nathan M. Moran, for Appellants.

Morrison, Dunne & Brobeck, for Respondents.

Fitzgerald, Abbott & Beardsley, *Amici Curiae.*

SHAW, J.—This is an action by Claus A. Spreckels and Rudolph Spreckels, as executors of the will of Anna C. Spreckels, and also in their capacity as executors of the will of Claus Spreckels, and by them and Emma C. Ferris, as individuals, to compel an accounting by the defendants respecting certain property received by them from the decedent, Claus Spreckels, in his lifetime, and for restitution thereof, so far as it exceeded one-half of the community property of Claus Spreckels and Anna C. Spreckels, his wife, and, if restitution cannot be made, then for judgment for the value thereof.

The court below sustained a demurrer to the second amended complaint and thereupon gave judgment for the defendants. From this judgment the plaintiffs appeal.

Claus A. Spreckels and Anna C. Spreckels intermarried on July 11, 1852, and lived together as husband and wife, residing in California, from that time until the death of Claus Spreckels on December 26, 1908. Anna C. Spreckels died on February 15, 1910. They had but five children. Three of them are the plaintiffs above named. The other two are the defendants. All the property owned by the decedent, Claus Spreckels, during his marriage and at his death, was acquired during said marriage and was community property.

In the eight years between 1896 and 1905, Claus Spreckels made gifts to John D. Spreckels and Adolph B. Spreckels of large amounts of this community property aggregating in value about twenty-five millions of dollars, according to the allegations of the complaint, leaving remaining in his possession and ownership, at the time of his death, other property not exceeding ten million dollars in value. Anna C. Spreckels did not, in her husband's lifetime, consent to the making of any of these gifts, either in writing or otherwise. The plaintiffs, by this action, seek to recover on behalf of the estate of Claus Spreckels and also on behalf of the estate of

Anna C. Spreckels, and also in their own right, as legatees and devisees of the entire estate of Anna C. Spreckels, a one-half interest in the specific property so given to the defendants, or an amount equal to one-half thereof, if such property cannot be identified.

The first provision of our statutory law on the subject of the respective rights of the husband and wife in the community property during the marriage was section 9 of the act of April 17, 1850 (Stats. 1850, p. 254). It was as follows: "The husband shall have the entire management and control of the common property with the like absolute power of disposition as of his own separate estate."

Construing this act, the court held that it and other statutes in force were intended to adopt the Mexican law upon the subject of community property, and decided that, during the marriage, the estate of the husband in the community property was absolute, while that of the wife was a mere expectancy, as that of an heir. But in consequence of the provisions of section 11 of the same act, declaring that on the death of either husband or wife one-half of the common property should go to the survivor and the other half to the descendants of the deceased spouse, and, under the Mexican law of community property, it was further held that the husband could not, by his will, prevent her from inheriting one-half thereof upon his death. (*Beard* v. *Knox,* 5 Cal. 256, [63 Am. Dec. 125] ; *Scott* v. *Ward,* 13 Cal. 469; *Payne* v. *Payne,* 18 Cal. 301; *Packard* v. *Arellanes,* 17 Cal. 538; *Fuller* v. *Ferguson,* 26 Cal. 565; *Lord* v. *Hough,* 43 Cal. 581.) Section 9 of the act of 1850 remained in force until the enactment of the Civil Code in 1872, the subject being therein covered by section 172 thereof. Codifying the previous decisions regarding the testamentary power of the husband over community property, the provision was, in the code, changed to read as follows:

"The husband has the management and control of the community property, with the like absolute power of disposition (other than testamentary) as he has of his separate estate."

This section remained without alteration until 1891, when a proviso was added, making the section read as follows:

"The husband has the management and control of the community property, with the like absolute power of disposition,

other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community property, or convey the same without a valuable consideration, unless the wife, in writing, consent thereto."

In 1901 [Stats. 1901, p. 598] another proviso was added as follows: "And provided also, that no sale, conveyance or encumbrance of the furniture, furnishings and fittings of the home, or of the clothing and wearing apparel of the wife or minor children, which is community property shall be made without the written consent of the wife." The present case does not involve any household goods, fittings, or wearing apparel. This proviso therefore has no application to the case and we need not consider it further.

The appellants contend that the declaration of the proviso that the husband "cannot make a gift" of community property, unless the wife consent thereto in writing, limits his power in that respect absolutely, so that such a gift is absolutely void even in his own lifetime, and may be recovered by him or by the executors of his will after his death. They also contend that if not void as to the husband, such gifts are absolutely void as to the wife, if she survives him, and that she, in her lifetime, or her representatives or heirs after her death, may recover the same. Upon these theories they seek to maintain the sufficiency of the complaint.

Under the statute prior to the addition of the first proviso in 1891, it was the established doctrine in this state that during the marriage the husband was the sole and exclusive owner of all of the community property, and that the wife had no title thereto, nor interest or estate therein, other than a mere expectancy as heir, if she survived him. (In addition to the cases above cited, see *Van Maren* v. *Johnson,* 15 Cal. 308, 311; *Greiner* v. *Greiner,* 58 Cal. 119; *People* v. *Swalm,* 80 Cal. 49, [13 Am. St. Rep. 96, 22 Pac. 67]; *Tolman* v. *Smith,* 85 Cal. 283, [24 Pac. 743]; *Corker* v. *Corker,* 95 Cal. 309, [30 Pac. 541]; *Fallbrook Irr. Dist.* v. *Abila,* 106 Cal. 362, [39 Pac. 794]; *Estate of Burdick,* 112 Cal. 393, [44 Pac. 744]; *Spreckels* v. *Spreckels,* 116 Cal. 343, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Sharpe* v. *Loupe,* 120 Cal. 89, 93, [52 Pac. 134, 586]; *Cunha* v. *Hughes,* 122 Cal. 112, [68 Am. St. Rep. 27, 54 Pac. 535]; *Peiser* v. *Griffin,* 125 Cal. 12, [57 Pac. 690]; *Estate of Moffitt,* 143 Cal. 539, [77 Pac. 475].)

The limitation upon the husband's testamentary power contained in the code was not understood to vest in the wife, during the marriage, any interest or estate whatever in the community property, but merely to constitute a restriction upon the husband's power. If the husband undertook to dispose of all of the community property by will, giving the wife less than one-half thereof, such disposition was not absolutely void, but had the effect of putting her to her election whether to take under the statute or under the will. . If she took the latter provision, the disposition in the will of the remaining portion of the property was thereby affirmed and made valid. (*Morrison* v. *Bowman*, 29 Cal. 346; *Estate of Stewart*, 74 Cal. 98, 104, [15 Pac. 445] ; *Estate of Smith*, 108 Cal. 119, [40 Pac. 1037] ; *Estate of Vogt*, 154 Cal. 509, [98 Pac. 265].) The testamentary disposition in such a case, therefore, was voidable but not absolutely void. If it had been void, in the extreme sense, the logical result would have been that a mere election by the wife would not transfer the remainder of her statutory half to the other beneficiaries under the will, but that a conveyance by her would be necessary. It has been always understood that her election is sufficient for that purpose and that the will, in that event, operates to transfer the property.

In the case of *Spreckels* v. *Spreckels*, 116 Cal. 343, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], the question arose whether the amendment of 1891, adding the first proviso, had the effect of making an attempt by the husband during the marriage to dispose of the community property absolutely void, so that the husband could, in his lifetime, recover a gift thereof made by him without the consent of his wife. The property there involved was the property of Claus Spreckels, the father of the plaintiffs and defendants herein, the gift being made to Rudolph Spreckels. The court did not decide this question, but held that the amendment of 1891 could not be construed retroactively, and applied to property previously acquired, so as to deprive the husband of the right theretofore vested in him to make a gift of that community property. In the present action the plaintiffs avoid the effect of this decision, with respect to a very considerable portion of the property involved, by appropriate allegations that it was

acquired after the year 1891, and therefore, of course, subject to the limitation in the proviso.

We have been able to find but two decisions of this court upon this subject involving community property which vested after the year 1891, namely, *Fulkerson* v. *Stiles,* 156 Cal. 704, [26 L. R. A. (N. S.) 181, 105 Pac. 966], and *Fanning* v. *Green,* 156 Cal. 281, [104 Pac. 308]. In each of these cases the doctrine above stated, that the wife has no interest or estate in community property during the marriage relation, and that the husband is the absolute owner thereof, subject to the limitations upon his power of disposition, is reiterated.

We are satisfied that the proviso of 1891 does not render a gift of community property by the husband without the consent of the wife void as to him, nor confer upon him, in his lifetime, or upon his personal representatives after his death, any right or power to revoke the gift or recover the property. There is nothing in the language to express the idea that the title does not, as before, remain wholly in him. The provision is merely for a limitation upon his power to dispose of it. He is bound by his own gift as fully as if it was of his separate estate. The demurrer was properly sustained so far as the executors of the will of Claus Spreckels are concerned.

Neither does the proviso purport to vest in the wife, during the marriage, any present interest or estate in the community property given away by the husband without her written consent. In view of the long settled doctrine that the entire estate therein is in the husband during the marriage relation, a doctrine that had become a fixed and well understood rule of property, it is not to be supposed that the legislature would have made a change of so radical a character without plain language to that effect. We do not find in the proviso such language, nor anything that can reasonably be so construed. If it confers upon her, during the marriage, any right respecting such gifts, it is nothing more than a right to revoke the gift and, if necessary, sue to recover the property, not as her separate estate, but to reinstate it as a part of the community property, with the title vested in the husband and subject to sale by him, as before.

We do not find it necessary to determine whether this right accrues to her at once when the gift is made, or whether it remains in abeyance until her expectancy in the community

property becomes vested by the dissolution of the marriage by death or divorce. In either case, upon the facts alleged, the present action must fail, as we will now proceed to show.

If the right accrues to her upon the making of the gift, a cause of action would exist in her favor at that moment to set aside the gifts. The statute of limitations would immediately begin to run against that cause of action, if she had knowledge of the gift, or was put on inquiry concerning it. If she was ignorant thereof at the time, it would begin to run as soon as she discovered the fact, or, in the exercise of reasonable diligence, should have discovered it. The alleged gifts of real property were made not later than 1897, and the latest gifts of personal property were made in 1904. One ground of demurrer is that the cause of action is barred by the statute of limitations. The demurrer does not specify any section of the statute, but that is not necessary when the question is raised by demurrer. (*Brennan* v. *Ford*, 46 Cal. 7; *Williams* v. *Bergin*, 116 Cal. 59, [47 Pac. 877].) There is no claim here that Mrs. Spreckels did not know of these gifts when they were made, nor any allegations excusing her ignorance thereof and failure to make discovery, as is required in such cases. (*Lady Washington* v. *Wood*, 113 Cal. 486, [45 Pac. 809]; *Del Campo* v. *Camarillo*, 154 Cal. 657, [98 Pac. 1049]; *People* v. *San Joaquin etc. Assn.*, 151 Cal. 807, [91 Pac. 940].) In the absence of averment, it must be presumed that she knew of them. Consequently, assuming that she had such right during the marriage, the statute of limitations immediately thereupon began to run against her, and any action by her of that character would have been barred, as to the real property, in 1902, and as to the personal property in 1907 or 1908. (Code Civ. Proc., secs. 318, 338, 343.) In this aspect of the case it is immaterial whether the gifts are regarded as absolutely void, with respect to her right, or only voidable. In either case the action would be barred. If barred as to her it would, of course, be barred as to her representatives and heirs after her death.

If we assume the other alternative, that the right of the wife to attack these gifts did not accrue in this case until the dissolution of the marriage by the death of the husband, the case presents a somewhat different aspect. The action, in that event, would not be barred by the statute of limitations. The right of her heirs and personal representatives to avoid

the gifts and to recover what would have been her share thereof if the husband died seized of this property leaving her surviving, would be complete. It is claimed on the part of the respondents that the provisions of her will show a ratification and confirmation of these gifts. In the consideration of this question it is, therefore, material to determine whether such gifts, as to the wife, became absolutely void upon the death of the husband, or only voidable at her option. If absolutely void, the result would be that the title to the property would have vested in her at his death, and the gifts would perhaps be incapable of confirmation except by a transfer from her.

We are of the opinion that the gifts did not become void at the death of the husband but were only voidable by the wife at her option. The limitation upon his power to give is not greater in its prohibitive effect than the preceding limitation upon his testamentary power. One is as absolute as the other. Both, in terms, include all the community property, and appear to withhold power to dispose of all or any of it in the prescribed manner. Yet, as above stated, it is well settled that a husband's testamentary disposition of more than one-half of the community property is not absolutely void as to the wife, but only voidable. The limitation upon the husband's power to make a gift is even less positive than that upon the testamentary power, for it depends upon two questions of fact: The absence of a valuable consideration, and the absence of her written consent, both of which may have to be proven by collateral evidence. The gift, when made, immediately vests the property in the donee subject to her right of revocation. She may give her consent at any time during her life, and if she does the gift becomes absolute with respect to her. The provision was manifestly intended solely for the benefit of the wife. If she seeks to assert such right, it is incumbent upon her to show that the facts exist upon which it depends. The conclusion seems inevitable that the gift is not absolutely void with respect to her but only voidable by her upon proof of the facts necessary to that end. It comes within the rule stated in *Wildes* v. *Van Voorhis,* 81 Mass. 143. Construing a statute similar in language and purpose to ours, but more positive in terms, for it declared that the husband's deed to a homestead was void unless the wife joined therein, the court there said: "In

many cases where a transaction is declared void in terms by a rule of the common law, or even expressly by statute, where the obvious interest of the rule is to secure and protect the rights of another party, the construction of law is, that it is voidable so far that it shall not operate to defeat or impair those rights. Such deed is not a dead letter; but can be avoided by such persons only, and at such time, and in such manner, as may be necessary to secure those rights. In other respects it has its natural effect." In *Boyd* v. *Blankman,* 29 Cal. 35, [87 Am. Dec. 146], the court said: "Whenever an act done takes effect as to some purposes, and is void as to persons who have an interest in impeaching it, the act is not a nullity, and, therefore, in a legal sense, it is not utterly void, but merely voidable"; and again at page 40: "The word 'void' will be construed as 'voidable' when the provision is introduced for the benefit of the parties only, and not for public purposes, and to protect those who are incapable of protecting themselves." (See, also, *Harris* v. *Taylor,* 15 Cal. 348, 349; *Williams* v. *Borgwaldt,* 119 Cal. 83, [51 Pac. 15]; *Hill* v. *Finigan,* 77 Cal. 272, [11 Am. St. Rep. 279, 19 Pac. 494].)

The complaint alleges that Claus Spreckels made these gifts with the intent and purpose to deprive his wife of her right to one-half of the community property upon his death and to prevent her from giving a part thereof to the other children, plaintiffs herein. Upon these facts, admitted by the demurrer, it is argued that fraud is established, and that it is, in effect, an action to set aside or impeach the gifts on the ground that they constituted a fraud upon the wife. If it were conceded that this would constitute a cause of action in favor of the wife which she might pursue before his death, the result would be that the action would be barred by the statute of limitations, for the right of action would accrue upon the making of the gifts, or upon the wife's discovery that a gift had been made. It is not alleged that she was ignorant of the alleged intention or that she did not discover it, after due diligence, within the period of limitation prior to her death. But, in any event, the gifts would not be void for that cause, but only voidable at her option, and capable of ratification and confirmation by her.

We are thus brought to the question whether .the wife has ratified and confirmed these gifts by her acts after his death, assuming that then, and not before, she became vested of the right to impeach ór avoid them.

By the will of her husband all the property of which he died seized was declared to be community property. It purported to dispose of all of his property that was subject to his testamentary disposition at his death. As his wife survived him, the effect was that he did not, by the will, dispose of the one-half of the estate that descended to her at his death, but left it to go to her by the law. The other half he gave to certain trustees in trust, among other purposes, "to pay over the net annual income thereof to my wife during the term of her natural life." Subject to the trusts, the *corpus* of the estate was given to the three plaintiffs, Claus A. Spreckels, Rudolph Spreckels, and to Emma C. Ferris and her children, in three equal parts, to be divided between them at the death of his widow, as in the will directed. (*Estate of Spreckels,* 162 Cal. 559, 586, [123 Pac. 371].)

The will further declared, with regard to the two defendants herein, as follows:

"Fourth: I make no provision in this will for my sons John D. Spreckels .and Adolph Spreckels for the reason that I have already given to them a large part of my estate."

This will was duly admitted to probate on January 9, 1909, and the executors named duly qualified as such on the same day, and they have ever since continued to act therein. The widow became entitled to receive the annual income of the one-half of the estate either immediately upon his death (Civ. Code, sec. 1366), or at the expiration of one year thereafter. (Civ. Code, sec. 1368.) The complaint does not aver that she received any of it in her lifetime, but as it appears that the estate was solvent, and the regular course of business is presumed to have been followed, it may perhaps be assumed that she did receive the income during her life. At all events the facts alleged show that she did have full knowledge of the provisions of her husband's will, and of the fact that it had been duly admitted to probate. It is not alleged that she did not also have full knowledge of all of the alleged gifts by her husband to the defendants. The allegations show that she did have full knowledge of a large part of .them. The fourth clause of his will, above quoted, certainly put her on

inquiry as to all of them. It is alleged that she caused an inquiry to be made concerning them. In this condition of her affairs she proceeded, on August 16, 1909, seven months after the probate of her deceased husband's will, to make and execute her own will. The second clause declares: "I hereby give, devise and bequeath all of my estate, of every kind and description" to the three children, Claus A., Rudolph, and Emma C., plaintiffs herein. This would include her inherited one-half of the community property and, in addition, all the income from the other half which would accrue to her up to the time of her own death. It would also, if taken alone, carry the right she would have to avoid or acquiesce in the gifts made by her husband in his lifetime without her written consent, if such right survived, and if she did not otherwise dispose of or exercise such right. With respect to those gifts she then declared as follows:

"Fourth: I intentionally omit making any provision in this will for my sons, John D. Spreckels and Adolph B. Spreckels and I intentionally omit to make any provision therein for the issue of either of my said sons, in case either of my said sons shall die before my death, because I do not desire my said two sons or any of their issue to take any part of my estate. This I do for the reason that my deceased husband, Claus Spreckels, prior to his death, had already given and advanced to my said sons a large part of his estate, and for other reasons satisfactory to me."

The words "I hereby give all *my* estate, of every kind and description," to the three other children, excluded John and Adolph from participation in her estate. At that time, and up to her death, they held the property given to them by their father out of the community property. He had declared in his will that because of these gifts he gave them none of the remaining property. He thereby, in effect, declared, as a part of his last will, that they were to keep and hold all of the property he had given to them. Knowing this, and because of this disposition by him of a part of the community property, in effect because they already had the whole of that part, not a half interest only, she declared that she intentionally omitted to give them any share in the remainder disposable by her. The declaration is entirely inconsistent with the existence of a purpose, desire, or intention on her part that her executors or the beneficiaries under her will should have

the right to recover a half of that which she says had been "given and advanced" to them. The provision, in connection with the circumstances under which it was made, precludes all idea that she regarded the property so given to the two defendants, or any part thereof or right in regard thereto, as any part of her descendible estate, or that the other three children were to receive, by her will or otherwise, any claim to that property or right to an accounting thereof. It was equivalent to an express ratification and confirmation of said gifts, and it was a consent thereto, by her, in writing, advisedly made. This will she retained unrevoked until her death, showing that notwithstanding her alleged direction to the plaintiff, Claus A. Spreckels, soon after the death of her husband, to begin an action to recover the property so given to John and Adolph, her last and final wish and will was that they should retain it all, but should receive nothing from her.

The plaintiffs have endeavored to avoid these consequences, and prevent consideration of her testamentary confirmation of the gifts, by alleging that Anna C. Spreckels "did not at any time during her life, consent in writing or otherwise to said gifts." The respective wills of Claus Spreckels and Anna C. Spreckels, both of which are alleged to have been duly probated, are, however, incorporated into the complaint as parts thereof. This renders the aforesaid allegation inoperative, so far as it is inconsistent with the terms of her will. When applied to the will which it is alleged she made, the allegation amounts to no more than the conclusion of the pleader that the provision of the will did not constitute a consent to the gifts, or a confirmation thereof. In our opinion they were both a consent in writing and a ratification and confirmation, and they effectually contradict and nullify the above allegation.

Upon this view of the case it is immaterial whether the gifts to John and Adolph were or were not made to prevent the wife from receiving one-half of the community property of said marriage, or with the design of excluding the other children from ultimate participation, by will or inheritance from her, in any part thereof. It is also unnecessary to consider the question whether or not the right of the widow to attack or avoid those gifts survived her death and passed to the executors of her will, or to those to whom she devised and bequeathed her estate. During her lifetime she was the only

person who had the right to gainsay these gifts. Her power in that respect was complete, so far as others were concerned, and her ratification and confirmation thereof by her will concluded all other persons, regardless of the motive that prompted the gifts or of the nature of her right to avoid them.

The judgment is affirmed.

Melvin, J., Henshaw, J., Lorigan, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.