[S. F. No. 14528. In Bank.—November 1, 1933.]

THE TRAVELERS INSURANCE COMPANY OF HART-FORD, CONNECTICUT (a Corporation), Respondent, v. DOROTHY J. FANCHER et al., Appellants.

J. S. DeLancey and Probasco & McClean for Appellants.

L. R. Weinmann and W. E. Licking for Respondent.

THE COURT.—This cause was ordered transferred from the District Court of Appeal to this court for further consideration. After giving the opinion of that court considerable study, we are of the opinion that it correctly disposes of the questions presented on this appeal, and we, therefore, adopt it as the opinion of this court. It was prepared by Mr. Justice Knight, concurred in by Presiding Justice Tyler and Justice Cashin, and is as follows:

"Charles R. Fancher and appellant were married during the year 1918, and lived together thereafter until June 25, 1931, at which time Fancher died intestate, leaving surviving him as heirs at law appellant and two minor children, aged ten and twelve years respectively. During the marriage and between April, 1925, and April, 1929, inclusive, on Fancher's application, the plaintiff insurance company issued to him five policies of life insurance, aggregating $48,000, wherein he designated the children as beneficiaries. All of the premiums were paid out of community assets, and for that reason upon Fancher's death conflicting claims arose between appellant and the guardian of the children as to the proceeds of said policies, each claiming the full amount

thereof. Thereupon the insurance company instituted this action in interpleader to have the rights of the respective claimants judicially determined. In deciding the matter the trial court followed the decision rendered in *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61], holding that inasmuch as the policies were paid for out of the community funds they constituted community assets, and that therefore the widow was entitled to one-half of the proceeds thereof as her share of said community assets, and that the children were entitled to the remaining half as beneficiaries named in said policies. ▮ The widow has appealed, contending that the rule of the New York Life Ins. Co. case, *supra,* awarding the widow only half the proceeds of the policy was in effect nullified by the amendment of 1923 to section 1401 of the Civil Code (which, in 1931, with slight changes was superseded by section 201 of the Probate Code); and that under the provisions of said amended section she is entitled to the entire proceeds of the policies regardless of the fact that the children were named therein as beneficiaries. We are unable to sustain such contention.

"As shown by a number of later cases, among them being *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 Pac. 1034], and *Blethen* v. *Pacific Mutual Life Ins. Co.,* 198 Cal. 91 [243 Pac. 431], the doctrine of the New York Life Ins. Co. case, *supra,* is based on the following legal propositions: First, where premiums of an insurance policy issued on the life of the husband after coverture are paid entirely from community funds, the policy becomes a community asset; second, the designation of a beneficiary in a policy of life insurance initiates in favor of the beneficiary an inchoate gift of the proceeds of the policy, which, if not revoked by the insured prior to his death, vests in the beneficiary at the time of his death; third, the husband may not make a gift of the entire community property without the written consent of the wife; but if he attempt so to do, in contravention of the wife's rights (as in the case of a life insurance policy, by naming a third party as beneficiary) the entire gift is not a nullity; it is subject only to the wife's right to have it revoked as to the half to which she would be entitled upon his death; and as to the remaining half, the gift is valid and immune from attack by the sur-

viving wife or by those who under the law of succession would inherit the husband's share in case he made no disposition thereof up to the time of his death. (*Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537], and *Dargie* v. *Patterson*, 176 Cal. 714 [169 Pac. 360].)

"Section 1401 of the Civil Code as amended in 1923, relied upon by appellant, read as follows: 'Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse . . . ' As appears from the decisions construing said amended section, two changes were brought about thereby: First, the wife was given the right, equal with that of the husband, to make testamentary disposition of the one-half of the community property to which she would be entitled if she survived the husband, a right which she did not before possess; and secondly, it changed the rule of inheritance by substituting the surviving wife for the husband's descendants as successor to his half of the community property in case he made no disposition thereof up to the time of his death. (*Estate of Phillips*, 203 Cal. 106 [263 Pac. 1017, 1019]; *McKay* v. *Lauriston*, 204 Cal. 557 [269 Pac. 519]; *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].) It is with this latter change that we are here concerned, and with respect thereto the Supreme Court in the *Estate of Phillips, supra,* said: 'It is clear that said section 1401, as amended in 1923, in so far as it provides that the wife in case of the death of her husband intestate shall inherit the half of the community property which was subject to his testamentary disposition, is a statute of descent and succession, or a rule of inheritance;' and in amplification of the foregoing statement the court goes on to point out that under the law of succession, as it stood prior to the amendment of 1923, the husband's half of the community property remaining undisposed of at the time of his death, went to his descendants, and not to his surviving wife; and that under the law of succession as changed by the amendment of 1923, the husband's share of the community property remaining undisposed of at the time of his death goes to his surviving wife and not to his descendants. Nowhere, however, as appellant seems to contend, does the amended code section pur-

port to vest in the wife, during the lifetime of the husband, any additional ownership in his share of the community property, nor give to her any right of control thereover.

It will be seen, therefore, that the enactment of said amended section in no way affected the power of the husband, as it theretofore existed under the doctrine of the Spreckels and Dargie cases, *supra*, to make a valid gift of his share of the community property to take effect upon his death. In other words, the fact that by virtue of said amended section the surviving wife is substituted for the husband's descendants as inheriting heir to his share of the community property remaining undisposed of at the time of his death places her in no better position to assail the validity of the husband's gift of his share of the community property, after his death, than his descendants would have been in, under the rule of the Spreckels and Dargie cases, if such substitution had not been made. Moreover, it is evident that if appellant's theory of the law were adopted, a husband would be precluded entirely from making any provision for his children out of his share of the community property, by way of life insurance, unless his wife consented thereto, or unless in addition to designating his children as beneficiaries in the policy, he confirmed the inchoate gift thus made to them by executing a will to that effect. We do not believe that such was intended to be the law.

"Appellant's position in this matter doubtless finds support in the last sentence of section 24 of the treatise on community property in the 1930 supplement to California Jurisprudence; also in a single paragraph in the decision in *Modern Woodmen of America* v. *Gray*, 113 Cal. App. 729 [299 Pac. 754], which apparently was based on the comment made in California Jurisprudence. In this regard the author of the treatise says: 'The widow, therefore, under the rule of succession prior to 1923 would take at least one-half of such proceeds notwithstanding the special contract with the insurance company. (Citing Civ. Code, secs. 1401, 1402.) Since 1923, if the reasoning in *New York Life Ins. Co.* v. *Bank of Italy* is to prevail, she would receive all of such proceeds.' (Section 24 of said treatise.) The 'reasoning' of the New York Life Ins. Co. case upon which the author bases the foregoing conclusion is not particularized in the treatise; nor is any authority cited in support of the con-

clusion except California Law Review, wherein the same author severely criticised the decision in the New York Life Ins. Co. case, *supra*. Whether or not such criticism was justified is wholly unimportant at this time, however, because by judicial process the doctrine of the New York Life Ins. Co. case, *supra*, has long since become the well-settled law of this state. The Supreme Court denied a hearing of the appeal before that court; and as indicated, since then the decision has been cited and quoted approvingly in a number of cases, the last one being *Dixon Lumber Co.* v. *Peacock*, 217 Cal. 415 [19 Pac. (2d) 233, 234], wherein the court said: 'It has been determined that an insurance policy in legal contemplation is property and that the proceeds of a policy, the premiums on which have been paid from the community, are community property. (*New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal. App. 602 [214 Pac. 61]; *Blethen* v. *Pacific Mutual Life Ins. Co.*, 198 Cal. 91 [243 Pac. 431].) It has also been held while the insured may have the right, by contract with the company, to change the beneficiary in such policy without the wife's consent where she is originally named as such, yet any such change without her consent and without a valuable consideration is voidable as to her, as she may maintain an action after his death to recover her one-half of the community. (*New York Life Ins. Co.* v. *Bank of Italy, supra*, and *Blethen* v. *Pacific Mutual Life Ins. Co., supra*.)' Furthermore, a careful analysis of the decision in the New York Life Ins. Co. case fails to disclose any reasoning which in our opinion warrants the conclusion that since 1923 the surviving wife is entitled to all the proceeds of a life insurance policy issued and paid for under the circumstances present in that case. Consequently we are unable to subscribe to such conclusion, or to follow the *dictum* to that effect in the case of *Modern Woodmen of America* v. *Gray, supra*."

■ The form of judgment entered in the present case, however, requires modification. Pursuant to stipulation of appellant's counsel and in accordance with the prayer of appellant's answer, the trial court awarded appellant's half of the proceeds of said policies to her as administratrix, etc.; whereas under the authorities above cited she is doubtless entitled to the same in her own right, without qualification, as her share of the community assets. Therefore, to that

extent the judgment is modified, and as thus modified it will stand affirmed, respondents to recover their costs of appeal.

LANGDON, J., Dissenting.—I dissent, for the reasons expressed in my dissent in *Trimble* v. *Trimble*, S. F. No. 14601, this day filed (*ante*, p. 340 [26 Pac. (2d) 477]).