[Civ. No. 10108.   Second Appellate District, Division One.—March 4, 1936.]

THELMA MAZMAN, Appellant, v. E. A. BROWN et al., Defendants; GEORGE LOGIAN, as Administrator, etc., Respondent.

Elmer I. Moody and A. M. Astor for Appellant.

Mott, Vallee & Grant, K. E. Grant and Hooper & Miller for Respondent.

ROTH, J., *pro tem.*—Samuel Mazman, in his lifetime while married to Thelma Mazman, plaintiff and appellant herein, took out a policy of insurance in the State Life Company of Indianapolis, Indiana, on his life in the sum of $5,000, and up to the time of his accidental death paid all premiums thereon with community funds. The policy contained a provision for payment of double benefits in case of death by accident, by reason of which $10,000 was distributed by the insurance company to the beneficiaries named in the policy, to-wit: One-third to Thelma, his wife, and two-thirds to one E. A. Brown, as trustee for the parents of the insured. The trust under which Brown received the two-thirds provided that in the event either parent predeceased the other, the survivor was to have the full benefit of the trust. The father of the insured predeceased the insured, and the mother of insured died shortly after the accidental death of the insured. Brown, as trustee of two-thirds of the insurance money for the parents, pursuant to order of the probate court was ordered to pay and distribute the *corpus* of the trust to one George Logian, administrator of the estate of Neshkoon Mazmanian, deceased, which was the name and is the estate of the insured's mother. Brown, pursuant to said order, delivered to Logian the net sum of $6,708.26, which comprised $6,666.66 of insurance money, plus interest thereon, less $332.25, which latter sum was allowed to Brown and his attorney by the probate court as trustee's and attorney's fees in the sums of $100 and $200, respectively, and $32.25 costs incurred by Brown as trustee.

While Brown, as trustee of the insurance proceeds was in the possession of the same, the instant action was instituted by plaintiff wife to enforce her demand for one-half of the trust estate. Said action, by reason of the facts outlined, has resolved itself into a claim against Logian, as administrator, for one-half of the $6,708.26, which became part of the estate of the insured's mother. ■ Plaintiff predicates her demand on the theory that the insurance was bought and paid for with community funds, and that her husband, the insured, could give away no more than one-half of the proceeds thereof. This is undoubtedly the law. (*New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal. App. 602 [214 Pac. 61] ; *Modern Woodmen of America* v. *Gray*, 113 Cal. App. 729, 733 [299 Pac. 754] ; *Union Mutual Life Ins. Co.* v. *Broderick*, 196 Cal. 497

[238 Pac. 1034] ; *Blethen* v. *Pacific Mutual Life Ins. Co.,* 198 Cal. 91 [243 Pac. 431] ; *Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351 [26 Pac. (2d) 482] ; 3 Cal. Jur. Supp. 59.) Logian, the administrator, conceded the soundness of the legal principle urged by appellant, but differed as to its application, and contended in the trial court, as he does here, that appellant was entitled to one-half of the face of the policy, to-wit, $5,000 in the aggregate, and not to one-third of the policy, pursuant to its terms, and one-half of the remaining two-thirds. The trial court decreed that the administrator's position was the correct one, and, since by stipulation of counsel it appeared that Logian had already paid to plaintiff $1650, which, added to the one-third of the face of the policy already received by her, to-wit, $3,333.34, aggregated $4,983.34, the trial court gave judgment for $16.66 in favor of plaintiff, from which judgment she takes this appeal.

If the insured in this case had made his parents the sole beneficiaries of the policy in question, then, upon the facts as here outlined and under the law as settled by the authorities cited, appellant would be entitled to no more than one-half of the proceeds of the policy. The difficulty which is created by the facts of this case is caused by the solicitude which the deceased showed for his wife by making her even a partial beneficiary. A husband undoubtedly has a right to give away his one-half of the community property (Civ. Code, sec. 1401, now sec. 201, Probate Code) ; and he may do it by valid gift to take effect upon his death as by way of an insurance policy, as well as by a will. (*Blethen* v. *Pacific Mutual Life Ins. Co.,* 198 Cal. 91, 100 [243 Pac. 431] ; *Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351, 355 [26 Pac. (2d) 482].) It has been determined that "the designation of a beneficiary in a policy of life insurance initiates in favor of the beneficiary an inchoate gift of the proceeds of the policy, which, if not revoked by the insured prior to his death, vests in the beneficiary at the time of his death ; . . . " (*Fancher* case, *supra,* p. 353 ; *Blethen* v. *Pacific Mutual Life Ins. Co., supra.*) The failure of plaintiff to distinguish between an inchoate gift and a completed gift is, we believe, the source of confusion in this case. To illustrate, if, during the lifetime of a husband and wife, the spouses have $10,000 in a bank and the husband by agreement makes a completed gift of one-third of that amount to his wife, the one-third thus given becomes the sep-

arate property of the wife, and the two-thirds remaining continues to be community property to the extent of 100 per cent thereof. (3 Cal. Jur. Supp. 649; *Estate of Fingland,* 129 Cal. App. 395 [18 Pac. (2d) 747].) If, prior to such gift, or after the consummation of such a gift, the husband by will disposed of the whole of said bank account and bequeathed one-third to his spouse and the remaining two-thirds to his parents, there is no doubt that all that would be disposed of by the will would be the remaining two-thirds in the bank account and not the original whole. This remaining two-thirds being community property would unquestionably be subject to the claim of the surviving wife for 50 per cent thereof, *if she elected* to enforce her community rights instead of taking under the will. If the facts of the instant case were analogous to those of the illustration given, appellant would undoubtedly be correct in her contention in the case at bar. Here, however, there is no completed gift and there could be none under the circumstances and facts of this case until the death of the insured. At the time of the insured's death, the dispositions made by the insured of the insurance proceeds vested simultaneously to the extent and in the amounts that such gifts could be validly made. Under the law as it has been settled in this state, the insured could not make a valid gift of the proceeds of insurance purchased with community funds in excess of 50 per cent thereof, without the written consent of the wife. (Civ. Code, sec. 172; *Travelers Ins. Co.* v. *Fancher, supra; Blethen* v. *Pacific Mutual Ins. Co., supra.*)

If a gift of insurance proceeds in excess of 50 per cent is made to someone other than the wife, and the wife herself is named as a partial beneficiary in the insurance policy, the wife is confronted with the same election which she is bound to make if community property were similarly disposed of by will; that is to say, she must decide to take under the policy, or to stand on her community rights as to the proceeds of such policy. If she takes under the policy, she thereby makes an election and waives her right to exercise her power of revocation as to that portion of the gift in excess of 50 per cent. (*Travelers Ins. Co.* v. *Fancher, supra; Blethen* v. *Pacific Mutual Life Ins. Co.,* 198 Cal. 91, 100 [243 Pac. 431]; *Jenkins* v. *Jenkins,* 112 Cal. App. 402 [297 Pac. 56].) If, however, she elects to stand on her community rights, then she is entitled to her 50 per cent in lieu of the one-third given and

the remaining 50 per cent would go to the other beneficiaries named, since it is settled that the gift by the husband of community property in excess of 50 per cent does not invalidate the entire disposition, but is invalid only as to the excess on complaint of the wife. (*Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351, 352 [26 Pac. (2d) 482]; *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537]; *Dargie* v. *Patterson*, 176 Cal. 714 [169 Pac. 360]; *Trimble* v. *Trimble*, 219 Cal. 340, 343 [26 Pac. (2d) 477].) ''If, after the gift is made, the wife gives her consent, the requirements of the statute are fulfilled and no further action is required to make it a valid and effective gift.'' (*Blethen* v. *Pacific Mutual Life Ins. Co.*, 198 Cal. 91, 99 [243 Pac. 431].)

In the Blethen case, *supra*, the court, at page 101, uses language applicable to, and, in our opinion, decisive of, the question here presented: ''An attempted disposition by will by the husband of more than his half of the community property vests the property in the donee subject to being avoided at her election. If this be true, it necessarily follows that a gift initiated during the life of the husband but not completed and consummated until his death must be said to take effect, vesting the property in the donee subject to being avoided by the wife at her option. Although it is true that a wife cannot be deprived of her half of the community property without her consent, yet under the reasoning of *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537], until she does declare her intention of refusing to acquiesce in the husband's gift the property vests in the donee or beneficiary under the will. . . . The rule that the gift of a husband of community property is valid until avoided by the wife, applicable to community property in general, *is applicable to the proceeds of an insurance policy, the premiums on which have been paid out of community funds.* It follows that a gift by a husband of an insurance policy to a beneficiary, other than his wife, is a good and valid gift until avoided by the wife by an assertion of her right to one-half of the proceeds, and the insurance company, until it has been made aware of the wife's claim, is justified in delivering to the beneficiary, as the person rightfully entitled thereto, the proceeds of the policy upon the death of the insured husband.'' (Italics ours.) We are satisfied that the logic and justice of the situation here presented impel the conclusion that the surviving wife is

bound to make the election suggested. In the instant case, so far as the record shows, the wife did elect to take under the policy; subsequently and after her election had been completed she made a demand for one-half of the two-thirds which was earmarked for her parents-in-law. Her demand was conceded to the extent that she was entitled to one-half of the face of the policy, and by virtue of the judgment entered she received the difference between what she took under the policy, the amount she received from the executor of her deceased mother-in-law in partial compliance with her demand, and one-half of the policy.

The executor, who is the defendant and respondent here, does not complain of the judgment and does not appeal therefrom. As we view the situation, appellant received all and more than she was legally entitled to.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.