[Civ. No. 10558. First Appellate District, Division Two.—October 1, 1937.]

In the Matter of the Estate of WINIFRED MILLER, Deceased. ANNIE SAUL et al., Appellants, v. W. R. MILLER, Respondent.

John B. Ehlen for Appellants.

E. R. Hoerchner and Frank J. Fontes for Respondent.

GRAY, J., *pro tem.*—The present controversy was submitted upon an agreed statement, in which the following facts appear: Ellis M. Miller died, leaving a widow, Winifred Miller, who only survived him for approximately two weeks. At his death he was a member in good standing of the Widows' and Orphans' Aid Association of the San Francisco Police Department. He had paid membership fees and dues from community funds. The association's constitution authorized each member to designate the person whom he desired to receive the moneys which were payable on his death and to change such designation. It also provided that upon the death of a member there should be paid the sum of $2,500 to his widow if no person had been designated by him. The deceased husband had never made such designation. The association had paid the money to the administrator of the wife's estate. Upon the hearing of the petition for distribution of her estate, respondent W. R. Miller claimed that as the money was community property of the husband and wife, he as the sole heir of the husband was entitled to one-half under section 228 of the Probate Code, and appellants Annie, Mary and Christopher Saul, claimed that, as the money was the wife's separate property, they, as her sole heirs, should

receive the whole thereof. , The decree of distribution, from which the present appeal is taken, awarded, upon the theory that it was community property, one-half of the money to respondent and the other half to appellants.

The payment of the membership fee and dues by the husband from community funds impressed the money payable upon his death with the same character of community property. The designation of his beneficiary initiated an inchoate gift of such money to the beneficiary, which became complete upon his death, without a change in such designation. (*Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351 [26 Pac. (2d) 482].) Until the husband exercised his right to designate his beneficiary the association's constitution named his wife as such beneficiary. (45 Cor. Jur. 190.) Since he could give community property to his wife and thereby convert it into her separate property, it is apparent that the proceeds of the life insurance vested in her, upon his death, as her separate property. (*Jenkins* v. *Jenkins,* 112 Cal. App. 402 [297 Pac. 56] ; *Mazman* v. *Brown,* 12 Cal. App. (2d) 272 [55 Pac. (2d) 539].) Section 228 of the Probate Code is not applicable to community property which the husband, by gift, has converted into his wife's separate property. (*Estate of McCauley,* 138 Cal. 546 [71 Pac. 458] ; *Estate of Simonton,* 183 Cal. 53 [190 Pac. 442] ; *In re Kessler,* 217 Cal. 32 [17 Pac. (2d) 117].) Because the money paid by the association was the deceased wife's separate property, appellants were entitled to the distribution of the whole thereof and respondent was not entitled to one-half thereof.

The decree of distribution is reversed with instructions to enter a decree distributing the balance of such money remaining in the estate to appellants.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 29, 1937. Houser, J., and Edmonds, J., voted for a hearing.