[Civ. No. 13021. First Dist., Div. Two. Apr. 13, 1946.]

Estate of ISAAC L. ETTLINGER etc., Deceased. CLARE ETTLINGER, Appellant, v. MARIAN ETTLINGER SLEVIN et al., Respondents.

Harold H. Price and Frederick W. Kant for Appellant.

Sloss & Turner for Respondents.

DOOLING, J.—Appellant is the widow of Isaac Ettlinger, deceased. They were married in 1935 and at the time of this marriage the life of Isaac Ettlinger was insured by two policies issued by Connecticut General Life Insurance Company for an aggregate sum of $65,000, payable upon his death in trust for two adult daughters. Isaac Ettlinger died testate in 1941. By his will he left separate property of considerable value to his widow, the appellant. The widow, claiming that the premiums paid on the life insurance policies after her marriage to Isaac Ettlinger were made with community funds, filed a petition for declaratory relief asking the court to adjudicate that she was not put to an election between taking the property left to her by the will and asserting her community interest in the proceeds of the life insurance policies. The court decreed that she was put to her election and from that judgment this appeal is taken.

The doctrine of election under a will is thus stated in 26 Cal.Jur. 1021-1022:

"Where the provisions of the will seek to impose a responsibility upon or curtail a property right of one who is named as a devisee or legatee, the latter is in the necessity of making an election, either to take the gift upon the conditions imposed by the testator or to renounce the devise or bequest and preserve the rights which are required thereby

to be surrendered. In the language of recent authority, 'The doctrine of election under a will is a familiar one. Where property to which one may have a valid claim (as in the case of community property, a surviving wife), is disposed of by will in violation of those rights, while at the same time other property, to which the claimant would not be entitled, is devised to the claimant, an election is forced. The claimant cannot at the same time take the benefits under the will and repudiate the losses. He must either accept the terms of the will in toto or reject them in toto.' "

The will contained the following provision: "SECOND: I declare that all property owned or possessed by me, or in my name or under my control, is my separate property; and I make this my will to operate upon the whole thereof so far as existing at my death."

■ Respondents point to the words "possessed by me, or in my name or under my control" and argue that they are broad enough to include the life insurance here in question, citing *Andrews* v. *Kelleher*, 124 Wash. 517 [214 P. 1056]; *Estate of Vogt*, 154 Cal. 508 [98 P. 265]; *Estate of Dargie*, 179 Cal. 418 [177 P. 165]. In making this argument respondents fail to consider the final clause of the quoted paragraph. It is not contended that the testator undertook or intended to dispose of this life insurance by his will. Reading the second paragraph of the will as a whole it is too clear for dispute that the declaration of the first clause that the property therein referred to is the testator's separate property is limited to the property which is actually disposed of by the will. No other construction can be given to the language of the second clause "and I make this my will to operate *upon the whole thereof* so far as existing at my death."

This may be made clear by interpolating the words "including my life insurance" in the second paragraph of the will. It would then read:

"I declare that all property owned or possessed by me, or in my name or under my control (including my life insurance), is my separate property; and I make this my will to operate upon the whole thereof so far as existing at my death."

The result of such interpolation would be to make the will "operate upon" the life insurance, and the residuary clause would carry the proceeds of the life insurance, since it is not anywhere expressly mentioned in the will. No such construc-

tion is contended for, nor would the language of the will support it.

■ It is a settled rule of law that in order to put the beneficiary of a will to an election the testator's intention so to do must clearly appear on the face of the will itself, either expressly or by reasonable implication.

"In testamentary law, election, says the court in *Morrison* v. *Bowman*, 29 Cal. 347, 348, citing Story's Equity Jurisprudence, 'is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases when there is a clear intention of the person from whom he derives one that he should not enjoy both. . . .' " (*Estate of Moore*, 62 Cal.App. 265, 271 [216 P. 981].)

"The widow's obligation to elect arises only where the testator has, by the terms of the will, clearly manifested the intention to make the testamentary gift to her stand in lieu of her interest in the community property. The provision may be 'declared in terms to be given in lieu of' the right as survivor of the community (*Morrison* v. *Bowman,* 29 Cal. 337), or the language of the will may be such as to show clearly an intent to dispose of the whole of the community property in such manner that 'the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator.' (Citing cases.). . . .

"In every case in which the widow has been held to be put to her election, the will contained language which, when read in the light of the circumstances, showed plainly that the testator was undertaking to dispose of the entire community property, and that his intention could not be given effect if one-half of such property were withdrawn from the operation of the will." (*Estate of Prager,* 166 Cal. 450, 454-455 [137 P. 37].)

■ We conclude that the language of the will cannot be construed to put appellant to an election with regard to her claim of a community interest in the proceeds of the life insurance policies.

■ Respondents further argue that the will and the policies must be construed together to put appellant to an election. No authority is cited to support this argument and we have found none. The case is not similar to *Mazman* v. *Brown,* 12 Cal.App.2d 272 [55 P.2d 539], where the widow was made a beneficiary of the policy itself and was held by

virtue of that fact to be put to her election to take under the policy or to claim her community interest and renounce her rights as beneficiary. Appellant is not here claiming any property disposed of, or even referred to, in the will, and her claim is not inconsistent with any of the will's provisions. If she is put to an election here then every widow to whom a husband left any separate property by will, where he also left a life insurance policy paid for in whole or in part with community funds with someone other than the wife named as beneficiary, would be put to a similar election.

The judgment is reversed with directions to enter a new judgment conforming to the views herein expressed.

Nourse, P. J., and Goodell, J., concurred.