[Civ. No. 6240. Fourth Dist. Dec. 22, 1959.]

Estate of ALDEN G. ROACH, Deceased. JUDITH ROACH MILLIKAN et al., Appellants, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Corporation), Respondent.

Walker, Wright, Tyler & Ward, Wellborn, Barrett & Rodi, Stephens, Jones, La Fever & Smith and Wesley G. La Fever for Appellants.

Musick, Peeler & Garrett and John M. Robinson for Respondent.

MONROE, J. pro tem.*—On December 20, 1956, the deceased, Alden G. Roach, died as the result of accidental injuries. He left a will dated March 19, 1956, in which the Farmers and Merchants National Bank of Los Angeles was named as executor, as trustee of a trust created under the will, and as guardian of his minor children. The will was admitted to probate.

*Assigned by Chairman of Judicial Council.

In December, 1957, the executor filed its petition for a decree determining the interests in the estate. Pursuant thereto, Genevieve Roach, the widow of deceased, filed a statement of her claims, setting forth that she was not put to an election by the terms of the will, and that the deceased left two insurance policies which were community property. She sought an adjudication that she was entitled to one-half of the proceeds of the insurance policies in addition to the provisions made for her by the will.

Statements were filed on behalf of Alden G. Roach, Jr., and Jennifer D. Roach, children of the deceased, and on behalf of Judith Roach Millikan, the eldest daughter of the deceased, who had been married since the will was executed, in which it was claimed that the insurance policies in question were the separate property of the deceased, and further that by the will of deceased the widow was required to elect as to whether she would take under the law or under the will, and that she had elected to accept under the will. The children of the deceased therefore sought an adjudication that the proceeds of the insurance were assets of the estate and passed according to the terms of the will.

Upon hearing, the trial court found that by the terms of the will the widow was put to her election, that she had elected, and therefore that she was entitled to none of the proceeds of the insurance policies. Upon stipulation of counsel the hearing was reopened for the purpose of determining whether there existed, in fact, any community interest in the proceeds of the two insurance policies, and if so the amount thereof. Upon such hearing the trial court found that the proceeds of an accident policy issued by the Continental Casualty Company in the amount of $100,000, and which had been paid into the estate, constituted community property. The court further found that the proceeds of a group life insurance policy issued by Metropolitan Life Insurance Company in the amount of $195,000, and which had been maintained by the payment of premiums by the deceased and by his employer, were in part separate and in part community property.

This appeal followed. The appeal was taken by the widow from the order and decree that she was required to elect and had elected, and also from the portion of the decree with reference to the proceeds of the Metropolitan Life Insurance policy; the appellant contending that a greater portion of that policy should have been held to be community. The three children of deceased filed their cross-appeals, contending that the court

erred in determining that the proceeds of the Continental Casualty Company policy were community rather than separate, and further, that the court erred in adjudging too great a portion of the Metropolitan Life Insurance policy to be community.

The matter was presented upon the written record and upon the stipulation of facts entered into by counsel upon which the findings and decrees were made. It is conceded upon behalf of the appellant Mrs. Roach, that she has accepted the provisions of the will, from which it follows that if she was put to her election she would be entitled to assert no community interest in the proceeds of the policies, and would be entitled to no relief under this appeal. It is conceded on behalf of the children that in case it be determined that the widow was put to her election, it is unnecessary to decide the issues raised upon their cross-appeal.

The question to be determined, therefore, is whether or not the terms and provisions of the will were such that the appellant widow was required to elect whether she would take under the will, or under the law.

It is the well-established rule of law in California that, unless the terms of the will are such as to require an election by the widow, she may accept under the will and, in addition, assert her community interest in the property owned by herself and her deceased husband. In contemplation of law she becomes the owner of her portion of the community property and the will operates only upon the husband's share thereof and such separate property as he may own. No election is required unless it is clearly required by the express terms of the will, or the intent to put the widow upon her election clearly appears from the language used in the light of the attendant circumstances. (*Estate of Prager*, 166 Cal. 450 [137 P. 37].)

The appellant contends that the will of decedent Roach does not place his widow at her election or that at least it is susceptible of two constructions, and that under the rule laid down in *Estate of Moore*, 62 Cal.App. 265 [216 P. 981], the will must be construed as not requiring an election. In that case the court said:

"In the absence of a manifest intention on the testator's part it will not be presumed that he designed to devise or bequeath any property over which he did not possess the power of testamentary disposition. . . . Of two possible constructions, that which favors the conclusion that the testator was dispos-

ing only of his own moiety of the common property will be adopted.''

The decisions of this state have involved numerous situations which have been passed upon by the courts as determinative of the question. As stated in *Estate of Prager, supra,* it is the intention of the testator, as determined from the will, which governs the determination. In *Estate of Moore,* following the decision of *Morrison* v. *Bowman,* 29 Cal. 337, and a number of subsequent decisions, it was held that where a piece of property was specifically disposed of by the terms of the will, which likewise made provision for the widow, then the widow was necessarily put to her election. Accordingly, where, as in the Moore case, specific disposition was made of a piece of property, a determination by the trial court that the widow was not put to her election was necessarily reversed.

 The entire matter has been reviewed in *Estate of Wolfe,* 48 Cal.2d 570 [311 P.2d 476], and the principles therein set forth are determinative of the questions here involved. The court there stated:

''If the testator purported to dispose of both his and his spouse's share of the community property, and it appears that the intent of the testator will be thwarted by giving literal effect to the will while recognizing the community property rights of the surviving spouse, an election should be required. The purpose of the election is to adjust the distribution of the property under the will to conform to the express or implied intention of the testator. Thus, it becomes necessary to examine the will for an expression of that intention, and if it cannot be readily determined from the face of the will, or if the will is ambiguous, rules of construction must be invoked to assist in the determination of that intent.

 ''If the respondent be required to make an election, she may repudiate the will and claim her statutory share of the community property or she may reject her interest under the law and claim under the will. She cannot take under both.''

In the Wolfe case it had been determined by the trial court that the widow was not required to elect. There was no express requirement of election set forth in the will. The trial court had apparently been much influenced by a recitation in the will that ''It is my intention to dispose of all property over which I have the power of testamentary disposition.''

Our Supreme Court held that this language read in the light of the decision in the Moore case, supported the conclusion that the testator did not intend to dispose of any property over which he had no power of testamentary disposition. It was held, however, that a construction of the entire will compelled a different conclusion. The will provided that the whole of the property in which deceased had an interest was his separate property. By the will the testator expressly provided for the disposition of "all of my property" and "all of my estate."

In the Wolfe case the court reiterated the rule laid down in *Estate of Vogt*, 154 Cal. 508 [98 P. 265], that where the testator had expressly provided that all of his property was separate property and had made provision in the will for his wife, and where the will purported to make a complete disposition of all of his property, the widow was thereby put to an election, although there was no express language requiring it.

In the light of the law as thus established in California, an examination of the will and the surrounding circumstances demonstrate the correctness of the decision of the trial court. The will was executed March 19, 1956. It contained this recital: "I declare that I intend to marry Genevieve Dudley. Although such marriage occur after the making of this Will, I do not intend to provide for such spouse except as mentioned herein." The testator further declared that the three children heretofore referred to were his only children and were the issue of his prior marriage to Helen W. Roach. The will further stated: "I declare that all property in which at this date I have any interest or which stands in my name is my separate property."

The will further provides that the executor should pay to Mrs. Roach during the settlement of the estate an allowance of $1,000 per month and should further pay an allowance of $300 per month to each of his children. The will then contained three specific bequests. The first was to Mrs. Roach of a residence property and the further sum of $20,000. The second was the bequest to his son of his firearms, fishing equipment and those personal belongings which a father would normally desire his son to have. The third was a bequest to Mr. Roach's secretary.

The will then provided that "I give, devise and bequeath all the rest, residue and remainder of my estate, including all property of which I am entitled to dispose by will, whether real, personal or mixed, separate or community, wheresoever

situate, or over which I may have any general or special power of appointment, to the Farmers & Merchants National Bank of Los Angeles, *in trust.*" It was further provided that one-half of the estate should be held in trust for the benefit of Mrs. Roach during her lifetime or until she remarried, the trustee to devote the income and as much of the principal as might be necessary, to her support and maintenance. The other half of the estate was placed in trust for the benefit of the three children. It was provided that in case of the death or remarriage of Mrs. Roach that portion of the estate comprising the trust for her should be made a part of the trust for the children.

It appears that deceased was a man of considerable wealth. Another fact which throws some light on the question is the fact that both of the insurance policies involved were in existence prior to the marriage of deceased and Mrs. Roach, and both of the policies were by their terms payable to the estate of deceased.

It is true that there is no express provision in the will whereby it is explicitly stated that Mrs. Roach is placed to her election. On the other hand, there is involved a situation where a man who has already accumulated considerable wealth and who has children from a former marriage, is about to embark upon another marriage. He expressly states that all of his property is separate. He expressly declares that he does not intend to provide for his wife except as mentioned in the will and by that will he provides for the disposition of everything that he may own, including property, separate or community, and any property which he was entitled to dispose of by will. By the express terms of the insurance policies they were a part of the estate and as a result the trust for the benefit of Mrs. Roach was thereby increased by a full half of both policies. The necessity of election is held to arise with reference to provisions of an insurance policy the same as it does by the terms of a will. (*Mazman* v. *Brown,* 12 Cal.App.2d 272 [55 P.2d 539].)

In addition thereto is the fact that careful provision was made for Mrs. Roach, but it was expressly provided that the trust for her support should terminate and the corpus of that trust should go to the children in case of her death or remarriage.

The parties have discussed the question of whether the findings of the trial court in a situation such as this have any effect whatever upon the decision to be made by the appellate

court, or whether such findings, having to do with the construction of a will, are to be given great weight and should govern unless obviously wrong, in accordance with the rules laid down in *Estate of Boyd*, 24 Cal.App.2d 287 [74 P.2d 1049]. It is unnecessary, however, for us to determine that question for the reason that from an examination of the entire record and the contents of the will we are entirely in accord with the finding of the trial court that it was the intention of the deceased to make a complete disposition of his property and that any taking, by way of the assertion of community interest, in addition to the allowance made by the will, would be contrary to the intent of the testator, and would disrupt his testamentary plan.

It is held, therefore, that by the terms of the will the appellant Genevieve Roach was put to her election and that she is bound thereby. The status of the proceeds of the insurance policies, whether community or separate, and in which proportions, involve some very interesting questions. As has been noted, however, a determination thereof is rendered unnecessary by reason of the conclusions heretofore reached.

Judgment and orders affirmed.

Griffin, P. J., and Mussell, J., concurred.